**Teresa HARDY, Appellant**

v.

**Leroy MITCHELL, Appellee.**

No. 05–05–00236–CV.

Court of Appeals of Texas, Dallas.

June 30, 2006.

Samuel T. Jackson, Law Office of Samual T. Jackson, Austin, for Appellant.

James S. Bowie, Law Offices S. Bowie II, Houston, for Appellee.

Before Justices MORRIS, BRIDGES, and FRANCIS.

## OPINION

Opinion by Justice BRIDGES.

Teresa Hardy appeals the trial court's denial of her motion to reform an associate judge's decision in the underlying matter and motion for sanctions. In four issues, Hardy argues Leroy Mitchell's claim of loss of consortium was frivolous and groundless and must be characterized as a claim of interference with a possessory interest under the family code; Mitchell's claim of fraud was not cognizable under Texas law; and bad faith, harassment, and improper purpose may be inferred from Mitchell's groundless claims. We affirm the trial court's judgment.

In October 1986, Hardy had a son, E.M. In January 2002, Hardy sued Mitchell to establish Mitchell's paternity of E.M. and to obtain child support. In September 2002, the trial court in Williamson County entered an order establishing Mitchell's paternity of E.M. and awarding retroactive child support of $27,620 and future payments of $565 per month. Mitchell filed a pro se petition in Dallas County alleging he had no knowledge of E.M.'s existence and that Hardy appeared in the "eleventh hour" to extort money. Mitchell's petition stated Hardy's actions deprived him of the opportunity to be part of E.M.'s upbringing and requested an award of $250,000 in damages for "being deprived of the child's upbringing, time frame, stress, extortion, humiliation, attorney's fees and court cost."

Hardy filed a general denial and a motion to dismiss on the grounds that Mitchell's allegations were a failed attempt to allege a claim for interference with a possessory right to a child under family code section 42.002, Mitchell did not acquire possessory rights until the parent-child relationship was established in September 2002, Mitchell was aware of the child's

whereabouts since that time, and Mitchell had no possessory rights during the periods for which he claimed damages.

Now represented by counsel, Mitchell filed an amended petition alleging common law fraud and misrepresentation claims against Hardy. Hardy filed a motion for summary judgment, asserting Mitchell's claims were barred by the statute of limitations, Texas law did not recognize a common law cause of action under the facts of this case, Mitchell's claims were a "poorly disguised attempt to recover loss of consortium damages," and no evidence supported Mitchell's fraud claims or established that he had sustained any compensable damages. Hardy also renewed her argument that Mitchell's claim was actually a claim for interference with a possessory right under family code section 42.002, and Mitchell had no "possessory rights" during the time in question.

The trial court granted Hardy's motion for summary judgment, finding there was no fact issue whether Mitchell's claims were barred by the statute of limitations, and the laws of Texas did not recognize Mitchell's claim for common law fraud for tortious interference with the familial relationship. The trial court implicitly rejected Hardy's argument that Mitchell's claim was essentially a claim under chapter 42 of the family code. Hardy filed a motion to reform the judgment to find that Mitchell's claims were frivolous and groundless and good cause existed for sanctions against Mitchell and his attorney under rule of civil procedure 13. Hardy also sought to have the judgment modified to award her attorney's fees and court costs. An associate judge, pursuant to an order of referral, entered a decision denying Hardy's motion to modify and motion for sanctions. Hardy appealed the associate judge's decision to the district court, which also denied her motions. This appeal followed.

We first address Hardy's third issue in which she argues, as she did in the trial court, that Mitchell's claim for loss of consortium is in reality a claim for interference with a possessory right to a child under family code section 42.002. Therefore, Hardy argues, she is entitled to attorney's fees under section 42.009 of the family code. Section 42.002 provides that a person who takes or retains possession of a child or who conceals the whereabouts of a child in violation of a *possessory right* of another person may be liable for damages to that person. TEX. FAM.CODE ANN. § 42.002(a) (Vernon 2002) (emphasis added). "Possessory right" means a court-ordered right of possession of or access to a child, including conservatorship, custody, and visitation. TEX. FAM.CODE ANN. § 42.001(2) (Vernon 2002). Section 42.009 provides that "a person *sued for damages as provided by this chapter* is entitled to recover attorney's fees and court costs if: (1) the claim for damages is dismissed or judgment is awarded to the defendant; and (2) the court or jury finds that the claim for damages is frivolous, unreasonable, or without foundation." TEX. FAM. CODE ANN. § 42.009 (Vernon 2002) (emphasis added). Under chapter 42 of the family code, damages may include: the actual costs and expenses incurred, including attorney's fees, in (1) locating a child who is the subject of a court order, (2) recovering possession of the child if the petitioner is entitled to possession, and (3) enforcing the court order and prosecuting the suit. TEX. FAM.CODE ANN. § 42.006(a) (Vernon 2002).

■ Although Hardy seeks to characterize Mitchell's claim as a claim of interference with a possessory right, thus entitling her to attorney's fees and court costs, her attempt fails for two reasons. First, E.M. was not the subject of any court order during the time Mitchell complains

Hardy concealed E.M.'s identity. Also, Mitchell never had possession of E.M. such that Hardy was obliged to recover possession of him. Thus, regardless of the merits of Mitchell's claim, it was not a suit "for damages as provided by this chapter" under chapter 42. Second, a claim of interference with a possessory right is defined as a claim related to a "court-ordered right of possession of or access to a child." Again, because E.M. was not the subject of a court order, Mitchell's claim cannot be characterized as a claim for interference with a possessory right under the terms of chapter 42. In fact, Mitchell's attorney did not attempt to bring a claim under chapter 42, indicating he understood that Mitchell's claim did not relate to a court-ordered "possessory right." TEX. FAM. CODE ANN. §§ 42.001, 42.002, 42.009 (Vernon 2002) We overrule Hardy's third issue.

■ In her fourth issue, Hardy contends the trial court erred in denying her claims for sanctions pursuant to civil procedure rule 13 and section 10.001 of the civil practice and remedies code. We review the trial court's decision whether or not to award sanctions under an abuse of discretion standard. *See GTE Commc'ns v. Tanner*, 856 S.W.2d 725, 730 (Tex.1993); *Herring v. Welborn*, 27 S.W.3d 132, 143 (Tex.App.-San Antonio 2000, pet. denied). Under rule 13, a court may impose sanctions against a party if it files a pleading that is groundless and either brought in bad faith or for the purpose of harassment. TEX.R. CIV. P. 13; *McCain v. NME Hosps., Inc.*, 856 S.W.2d 751, 756 (Tex.App.-Dallas 1993, no writ). "Groundless" for purposes of Rule 13 "means no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law." TEX.R. CIV. P. 13. Rule 13 dictates that courts shall presume that pleadings are filed in good faith; therefore, the party moving for sanctions bears the burden of overcoming this presumption. *See* TEX.R. CIV. P. 13; *Overman v. Baker*, 26 S.W.3d 506, 509 (Tex.App.-Tyler 2000, no pet.).

■ Section 10.001 of the civil practice and remedies code provides, in part

The signing of a pleading or motion as required by the Texas Rules of Civil Procedure constitutes a certificate by the signatory that to the signatory's best knowledge, information, and belief, formed after reasonable inquiry:

(1) the pleading or motion is not being presented for any improper purpose, including to harass or to cause unnecessary delay or needless increase in the cost of litigation; [and]

(2) each claim, defense, or other legal contention in the pleading or motion is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law....

TEX. CIV. PRAC. & REM.CODE ANN. § 10.001 (Vernon 2002). In order for the party seeking sanctions to prevail, there must be little or no basis for claims, no grounds for legal arguments, misrepresentation of law or facts, or legal action that is sought in bad faith. *Herring*, 27 S.W.3d at 143.

■ Rule 13 is a tool that must be available to trial courts in those egregious situations where the worst of the bar uses our system for ill motive without regard to reason and the guiding principles of the law. *Laub v. Pesikoff*, 979 S.W.2d 686, 693 (Tex.App.-Houston [1st Dist.] 1998, pet. denied); *Dyson Descendant Corp. v. Sonat Exploration Co.*, 861 S.W.2d 942, 951 (Tex. App.-Houston [1st Dist.] 1993, no writ). The rule, however, cannot become a weapon used to punish those with whose intellect or philosophic viewpoint the trial court finds fault. *Laub*, 979 S.W.2d at 693; *Dyson*, 861 S.W.2d at 951. Innovative

changes in the law or applications of the law must by necessity come from creative and innovative sources. *Laub*, 979 S.W.2d at 693; *Dyson*, 861 S.W.2d at 951. By their very definition, changes in the law are different from and in disagreement with what has been historically accepted. *Laub*, 979 S.W.2d at 693; *Dyson*, 861 S.W.2d at 951. We cannot allow rule 13 to have a chilling effect on those who seek change in legal precedent. *Laub*, 979 S.W.2d at 693; *Dyson*, 861 S.W.2d at 951.

■■■ In addressing Hardy's fourth issue, we are also addressing her arguments, raised in her first and second issues, that Mitchell's claim for loss of consortium was frivolous and groundless and that Mitchell's claim of fraudulent concealment of his paternity does not state a cause of action cognizable under Texas law. In arguing that Mitchell's claims were frivolous and groundless, Hardy characterizes Mitchell as a "non-parent" who does not have standing to recover for loss of consortium. In fact, Mitchell is E.M.'s biological father. Hardy cites numerous cases relating to claims for loss of consortium of a child following an injury. Such a cause of action is unavailable in Texas. *Roberts v. Williamson*, 111 S.W.3d 113, 119 (Tex. 2003). However, as Mitchell's petition sets forth, his claim is for damages arising from Hardy's alleged fraudulent acts in concealing E.M. and thus preventing Mitchell from being with his son. In presenting her argument that Mitchell's claim is not cognizable under Texas law, Hardy characterizes the question as whether Mitchell can recover damages for Hardy's fraudulent interference with his opportunity to develop a relationship with E.M. Hardy notes this would be an entirely new cause of action, yet she goes on to attack Mitchell's "deafening

silence" in failing to cite case law supporting his position.

It appears Hardy is correct in asserting that Mitchell's claim for damages for Hardy's fraudulent interference with his opportunity to develop a relationship with E.M. would be an entirely new cause of action. Certainly Hardy is correct in stating that the supreme court has declined to extend a claim for loss of consortium to parents of children who have been seriously injured. *Roberts*, 111 S.W.3d at 119. However, the issues before us are whether Mitchell's claims were groundless in that they had no basis in law or fact and not warranted by good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, and whether they were brought in bad faith or for the purpose of harassment or were presented for some other improper purpose. Tex.R. Civ. P. 13; Tex. Civ. Prac. & Rem.Code Ann. §§ 10.001(1), (2) (Vernon 2002). Mitchell's first amended petition alleges that Hardy made material false representations to him concerning his status as E.M.'s father, with reckless disregard for the truth and with the intention that Mitchell should act upon the representations to his detriment. Mitchell further alleged that others at Hardy's direction made representations to lead Mitchell to believe that E.M. was not his, and Hardy conspired with her family to hide the truth from Mitchell.

Hardy argues in her brief that Mitchell visited Hardy in the hospital shortly after E.M.'s birth and E.M. was given Mitchell's last name. Mary Martin, who lived with Hardy in 1985, submitted an affidavit stating that Hardy told Martin she was not sure whether Mitchell or a "football player that attended Southern Methodist University" was the father of E.M. However, Hardy offered no further evidence to contradict Mitchell's statement of the facts and his assertion that he was unaware

E.M. was his son until sixteen years after his birth due to Hardy's intentional misrepresentations and fraud.

We note Mitchell did not file a brief, and the issue before us is not whether Mitchell brought meritorious claims against Hardy such that summary judgment on Mitchell's claims was erroneous. While we do not reach that issue, we conclude Hardy has failed to overcome the presumption that Mitchell's pleadings were filed in good faith. TEX.R. CIV. P. 13. Hardy does not dispute that Mitchell is, in fact, E.M.'s biological father. While the law does not currently permit Mitchell to recover damages for Hardy's actions, we cannot conclude on the record before us that Mitchell's claim of fraud and misrepresentation had no basis in law or fact or that it was not warranted by a good faith argument for the extension of existing law or the establishment of new law. TEX.R. CIV. P. 13; TEX. CIV. PRAC. & REM.CODE ANN. § 10.001(2) (Vernon 2002). Further, we cannot conclude Mitchell acted in bad faith or for the purpose of harassment or for any improper purpose in attempting to sue Hardy for her alleged misrepresentations in concealing E.M.'s identity. TEX.R. CIV. P. 13; TEX. CIV. PRAC. & REM.CODE ANN. § 10.001(1) (Vernon 2002). Accordingly, the trial court did not abuse its discretion in failing to award sanctions against Mitchell in this case. *See GTE*, 856 S.W.2d at 730; *Herring*, 27 S.W.3d at 143; *Laub*, 979 S.W.2d at 693–94 (reversing trial court's order awarding sanctions under rule 13 where claims barred by communication privilege and sanctioned party never specifically argued for extension, modification, or reversal of Texas law). We overrule Hardy's first, second, and fourth issues.

We affirm the trial court's judgment.