**TARRANT RESTORATION and Timothy G. Pletta, Appellants,**

v.

**TX ARLINGTON OAKS APARTMENTS, LTD., Appellee.**

No. 05–05–01411–CV.

Court of Appeals of Texas, Dallas.

April 16, 2007.

Rehearing Overruled June 25, 2007.

Timothy Gerard Pletta, Law Office of Timothy G. Pletta, Coppell, for appellant.

Robert Lee Eden, Matthews, Stein, Shiels, Pearce, Knott, Eden & Davis, Dallas, for appellee.

Before Justices WRIGHT, LANG–MIERS, and MAZZANT.

## OPINION

Opinion By Justice MAZZANT.

In this bill of review of case, Tarrant Restoration and Timothy G. Pletta appeal the trial court's grant of the bill of review, the setting aside of their default judgment against TX Arlington Oaks, Ltd., the take-nothing judgment on Tarrant Restoration's breach of contract cause of action, and the imposition of a $5000 sanction against Tarrant Restoration and Pletta. Appellee brings two crosspoints asserting (1) the trial court erred in imposing only $5000 in sanctions and should have imposed a $10,000 sanction against appellants and (2) this Court should impose sanctions against appellants for bringing a frivolous appeal. We modify the trial court's judgment to vacate the award of sanctions, and we affirm the judgment as modified.

## I. BACKGROUND

In April 2004, Tarrant Restoration performed work at an apartment complex called Arlington Oaks Apartments, located in Arlington, Texas, which is owned by appellee. The apartment complex is managed by Sandalwood Management, Inc. Tarrant Restoration presented employees of Sandalwood Management with two invoices, one for $240 and the second for $35. The employees signed the invoices just below the statement on the invoice, "Customer acknowledges and accepts all work and invoice(s) herein, having been performed and completed timely and in a good and workmanlike manner and conforming to all representations and warranties. Customer agrees past due amounts shall incur late charges at the rate of 1.5% per month or 18% APR." When the invoices were not paid, Tarrant Restoration hired Timothy Pletta to pursue collection and assigned Pletta ten percent of the claim. Pletta then filed a petition in justice court presenting causes of action for breach of contract and quantum meruit.

To serve the lawsuit on appellee, Tarrant Restoration mailed a copy of the petition with the citation to the office of the apartment complex where it performed the work. The citation and petition were received by an employee of Sandalwood Management. Appellee's principal place of business and its registered agent for service of process were located in Austin, Texas, and they were not served with process.

Attached to the petition mailed to Sandalwood Management was a "Notice of Assignment" stating:

> The right to payment under this invoice has been transferred and assigned to the Law Office [of Timothy G. Pletta for Collection. All] Payments hereunder and/or communications are to be directed to the assignee at the below-listed office address. Remittance for all or part to anyone other than the Law Office of Timothy G. Pletta does not constitute payment of any invoice sought to be collected. The Law office of Timothy G. Pletta must be given notification of any claims, agreements or merchandise returns which would affect the payment of all or part of this invoice not later than the due date. This is an attempt to collect a debt and all information obtained will be used for that purpose.

(Printed in all capitals in original; bracketed material not legible in copy of the Notice in the record; bracketed material taken from Pletta's affidavit admitted as exhibit at trial.)

After receiving the lawsuit, Sandalwood Management's vice president, Kelly Cooper, sent a check for $275 and a letter to Timothy Pletta, Tarrant Restoration's attorney, stating that the correct legal entity was not served, and "We have consulted with counsel who has advised we submit payment for this invoice as an act of good will. Please accept this payment as consideration in full." Pletta held the check, without either cashing it or returning it. Pletta did not respond to Cooper's letter. Appellee did not appear in the lawsuit. On September 21, 2004, the justice court entered a default judgment against appellee for $1294.25, consisting of $275 actual damages, $19.25 prejudgment interest, and $1000 attorney's fees. On October 6, 2004, Pletta negotiated the $275 check.

On January 3, 2005, the constable served a writ of execution and seized money orders payable to "Arlington Oaks." That same day, appellee filed a bill of review in the justice court naming both Tarrant Restoration and Pletta. On January 12, 2005, Tarrant Restoration filed a release of judgment stating that the judgment had been paid in full. By this time, because of post-judgment interest and attorney's fees, the amount of the judgment exceeded $5000. The justice court granted the bill of review and set aside the default judgment.

Appellants appealed the grant of the bill of review to the county court at law for trial de novo. The trial court granted appellee's motion for summary judgment on the bill of review and then held a trial before the court on Tarrant Restoration's underlying claim for breach of contract and quantum meruit. The trial court rendered judgment that Tarrant Restoration take nothing on its claim, and the court imposed sanctions of $5000 against Tarrant Restoration and Pletta.

## II. JURISDICTION OF THE JUSTICE COURT

[redacted] In their first issue, appellants assert the justice court lacked jurisdiction over appellee's bill of review action because (a) Tarrant Restoration had filed a release of judgment after it was paid through the writ of execution, and (b) the amount in controversy exceeded the justice court's jurisdictional limit of $5000.[1]

1. During our review of the record, this Court questioned whether appellee had standing to bring the bill of review action. To have standing, the party bringing the bill of review must have been a party to the underlying judgment or have had a then-existing right or interest prejudiced by the judgment. *Dolenz v. Wells,* No. 05-06-00840-CV, 2007 WL 259196, at *1 (Tex.App.-Dallas Jan. 31, 2007, pet. filed) (mem. op.) (citing *Rodriguez ex rel.*

## A. Release of Judgment

Appellants assert that when the judgment against appellee was satisfied and Tarrant Restoration filed the release of judgment, at that moment the debt, the judgment, and Tarrant Restoration's causes of action were extinguished. Therefore, appellants argue, there was no judgment for the justice court and county court at law to set aside, no causes of action for the county court at law to try, and appellee's bill-of-review case was moot.

Appellants rely on *Piro v. Piro*, 349 S.W.2d 626 (Tex.Civ.App.-Houston 1961, no writ). That divorce case involved the division of the couple's community property. The husband had recovered a judgment against a workers' compensation insurer, the insurer had paid the judgment in full, and the husband had filed a release of the judgment. *Id.* at 629. The appellate court determined no judgment remained to divide, stating " 'The satisfaction of a judgment by one primarily liable thereon operates to extinguish it for all purposes,' and also to extinguish the original debt or claim." *Id.* at 629–30 (quoting 49 C.J.S. *Judgments* § 577 (1947)).

■■■ *Piro* is distinguishable from this case for at least two reasons. First, *Piro* appears to involve a voluntary satisfaction of the judgment by the judgment debtor, while this case involves an involuntary satisfaction of the judgment through execution. Second, *Piro* did not involve a direct attack on the judgment by the judgment debtor. *Piro* did not purport to address the situation before us. Satisfaction of a judgment does not bar a party from later bringing a bill of review to set aside the judgment. *See Walker v. State*, 103 S.W.2d 404, 405–06 (Tex.Civ.App.-Waco 1937, no writ). We conclude that the satisfaction of a judgment through writ of execution against the judgment debtor followed by the judgment creditor filing a release of the judgment does not deprive the trial court of jurisdiction over a bill of review to set aside the judgment.

## B. Amount in Controversy

■■■ Appellants next assert that the justice court lacked jurisdiction over the bill of review because the amount in controversy exceeded $5000, which is the jurisdictional limit for the justice court. In this case, the actual damages were $275, and the remainder of the judgment sought to be set aside consisted of pre- and post-judgment attorney's fees and interest. Accrued interest and post-judgment attorney's fees are not normally considered in determining the amount in controversy. *See* TEX. GOV'T CODE ANN. § 27.031(a)(1) (Vernon 2004); *Crumpton v. Stevens*, 936 S.W.2d 473, 477 (Tex.App.-Fort Worth 1996, no writ). Furthermore, if the justice court had authority to enter a judgment, it necessarily has authority to set aside the judgment pursuant to a proper bill of review proceeding. We conclude the bill of review is not barred as exceeding the

*Rodriguez v. EMC Mortgage Corp.*, 94 S.W.3d 795, 798 (Tex.App.-San Antonio 2002, no pet.); *Lerma v. Bustillos*, 720 S.W.2d 204, 205 (Tex.App.-San Antonio 1986, no writ)). In its original petition, appellee states the judgment was against a nonexistent entity. The amended petition omits this statement, but it does not expressly state the underlying judgment was against appellee. At this Court's request, the parties briefed the issue of appellee's standing. After reviewing the briefs and the record, including appellee's statement in its motion for summary judgment that the underlying default judgment was entered against it, we conclude appellee had standing to bring the bill of review claim. *Cf. Dolenz*, at *1 (appellant lacked standing to bring bill of review because he denied he was sued in the underlying case, appellee denied appellant was sued in the underlying case, and trial court concluded the underlying judgment was not against appellant).

amount-in-controversy limits of the justice court's jurisdiction.

We overrule appellants' first issue.

## III. STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Appellants' second, third, fourth, and seventh issues assert the trial court erred in granting appellee's motion for summary judgment on the bill of review. We review a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005); *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). The standard for reviewing a summary judgment is well established. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The movant has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex.2005); *Nixon*, 690 S.W.2d at 548. After the movant has established a right to summary judgment, the burden shifts to the nonmovant to present evidence creating a fact issue. *Phan Son Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1999); *Troxel v. Bishop*, 201 S.W.3d 290, 296 (Tex.App.-Dallas 2006, no pet.). When reviewing a summary judgment, we accept all evidence favorable to the nonmovant as true, indulge the nonmovant with every favorable reasonable inference, and resolve any doubt in the nonmovant's favor. *Valence Operating Co.*, 164 S.W.3d at 661; *Nixon*, 690 S.W.2d at 548–49.

## IV. SERVICE OF PROCESS

■ In their seventh issue, appellants assert the trial court erred in implicitly determining that appellee was *not* served with process in the underlying suit. Appellants argue they served appellant consistent with rules of civil procedure 536(b)(2) and section 17.021 of the civil practice and remedies code.

Rule 536(b)(2) states that process in the justice court may be served by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto if any is filed." Tex.R. Civ. P. 536(b)(2). Section 17.021 provides,

(a) In an action against an individual, partnership, or unincorporated association that arises in a county in which the individual, partnership, or association has an office, place of business, or agency for transacting business in this state, citation or other civil process may be served on an agent or clerk employed in the office, place of business, or agency if:

(1) the action grows out of or is connected with the business transacted in this state; and

(2) the individual, partnership, or association:

(A) is not a resident of the county. . . .

Tex. Civ. Prac. & Rem.Code Ann. § 17.021(a)(2)(A) (Vernon).[2] In this case, Tarrant Restoration attempted service by mail. However, instead of mailing it to appellee's registered agent for service of process or appellee's principal place of business, appellee mailed it to the apartment complex. The papers were signed for by an employee of Sandalwood Management who was not a partner or employee of appellee. Thomas Crowson, a limited partner in appellee and appellee's registered agent, testified in his affidavit

**2.** Appellee asserts that section 17.021 does not apply to service on a limited partnership. Because the service of process does not meet the requirements of section 17.021, we make no determination of whether that section applies to a limited partnership.

that the employees of Sandalwood Management "have no authority to accept service of citation on behalf of" appellee. He further testified that he, as appellee's registered agent, was not served with Tarrant Restoration's petition, the default judgment, or any other document associated with the lawsuit and its collection. Appellants presented no evidence controverting Crowson's statements. The summary judgment record conclusively established that Tarrant Restoration did not serve appellee by mail, nor was there service on an agent or clerk employed in appellee's office, place of business, or agency.

We conclude the trial court did not err in concluding as a matter of law that appellee was not properly served. We overrule appellants' seventh issue.

## V. AFFIRMATIVE DEFENSES TO BILL OF REVIEW

In their second issue, appellants contend appellee's bill of review is barred by appellants' affirmative defenses of (a) failure to exhaust legal remedies before filing bill of review, (b) laches, (c) prejudice, and (d) accord and satisfaction, payment, waiver, and release of judgment. In their fourth issue, appellants assert the trial court erred in granting appellee's motion for summary judgment on the bill of review because appellants raised genuine issues of material fact on their affirmative defenses.

### A. Exhaustion of Legal Remedies

 Bill of review plaintiffs usually must prove three elements: (1) a meritorious defense to the underlying cause of action, (2) which the plaintiffs were prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *Caldwell v. Barnes,* 154 S.W.3d 93, 96 (Tex.2004). Appellants assert appellee cannot meet the third element because appellee learned of the judgment in time to file a direct appeal or writ of certiorari, yet it failed to do so. *See* TEX.R. CIV. P. 571 (for appeal to county court, appellant must file a bond within ten days of the judgment); 579 (writ of certiorari "shall not be granted after ninety days from the time the final judgment is signed"). However, the supreme court has stated the rules are relaxed for plaintiffs in a bill of review who were not served in the underlying case:

> Bill of review plaintiffs claiming non-service, however, are relieved of two elements ordinarily required to be proved in a bill of review proceeding. First, if a plaintiff was not served, constitutional due process relieves the plaintiff from the need to show a meritorious defense. Second, the plaintiff is relieved from showing that fraud, accident, wrongful act or official mistake prevented the plaintiff from presenting such a defense.
>
> Bill of review plaintiffs alleging they were not served, however, must still prove the third and final element required in a bill of review proceeding that the judgment was rendered unmixed with any fault or negligence of their own. In *Caldwell* [*v. Barnes,* 975 S.W.2d 535, 537 (Tex.1998)], we said this third and final element is conclusively established if the plaintiff can prove that he or she was never served with process. An individual who is not served with process cannot be at fault or negligent in allowing a default judgment to be rendered. Proof of non-service, then, will conclusively establish the third and only element that bill of review plaintiffs are required to prove when they are asserting lack of service of process as their only defense.

*Caldwell,* 154 S.W.3d at 96–97 (Tex.2004) (citations and footnotes omitted).

 By conclusively proving lack of service, appellee conclusively established the third and only element for a bill of review it was required to prove. We conclude appellee's bill of review action is not barred for failure to exhaust legal remedies.[3] *See id.* at 97 n. 1 ("A party who becomes aware of the proceedings without proper service of process has no duty to participate in them.").

## B. Laches

 Appellants next argue that appellee's bill of review claim is barred by the affirmative defense of laches. Generally, laches will not bar a bill of review filed within the four-year statute of limitations unless allowing the action "would work a grave injustice." *Caldwell v. Barnes,* 975 S.W.2d 535, 538 (Tex.1998). Here, the default judgment was rendered on September 21, 2004, and appellee filed its petition for bill of review on January 3, 2005, only 104 days after the judgment and well within the statute of limitations. We next determine whether appellants suffered prejudice amounting to "grave injustice."

## C. Prejudice as a Bar to Recovery

Appellants assert they presented evidence that the prejudice they suffered as a result of the delay in bringing the bill of review bars appellee's bill of review. Appellants did not raise the issue of prejudice in their response to appellee's motion for summary judgment, nor did they assert prejudice in their own motion for summary judgment. The evidence appellants cite was part of the trial before the court, held

*after* the trial court ruled on the motions for summary judgment. Because that evidence was not before the trial court, and because appellants did not assert in their response to appellee's motion for summary judgment or in their own motion for summary judgment that they suffered any prejudice as a result of the delay in bringing the bill of review, they cannot show the trial court erred in granting appellee's motion for summary judgment and denying their motion. *McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex. 1993) (motion for summary judgment must "stand or fall on the grounds expressly presented in the motion"); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex.1979) (nonmovant must expressly present to trial court those issues that would defeat movant's right to summary judgment and failing to do so, may not assign them on appeal as error).

Because appellants did not assert in their summary judgment motion and responses that they suffered prejudice as a result of the delay caused by bringing the bill of review, we conclude as a matter of law that laches did not bar appellee's bill of review.

## D. Accord & Satisfaction, Payment, and Release of Judgment

Appellants also argue the summary judgment is barred by their affirmative defenses of accord and satisfaction, payment, and release of judgment. As in appellants' first issue, they argue the service of the writ of execution and Tarrant Restoration's filing a release of judgment

---

3. Appellants also complain that the trial court refused to make findings of fact and conclusions of law "to justify its judgment" in rendering summary judgment. The trial court acted correctly. Findings of fact and conclusions of law have no place in a summary judgment proceeding. *Linwood v. NCNB*

*Tex.,* 885 S.W.2d 102, 103 (Tex.1994). If summary judgment is proper, there are no facts to find, and the legal conclusions have already been stated in the motion and response. *Willms v. Americas Tire Co.,* 190 S.W.3d 796, 810 (Tex.App.-Dallas 2006, pet. denied).

extinguished both the judgment and the debt or claim leaving nothing to be set aside in the bill of review proceeding. Again, appellants rely on *Piro*, and for the reasons discussed above, we consider that opinion distinguishable and inapplicable to this case. Appellants also cite rule of civil procedure 301 and *Logan v. Mullis*, 686 S.W.2d 605, 609 (Tex.1985), for the proposition that there can be only one final judgment in a case. However, because we conclude the default judgment was not extinguished by appellee's involuntary payment of the judgment through the service of the writ of execution, there is no violation of the single-final-judgment rule.

We conclude the bill of review is not barred by the affirmative defenses of accord and satisfaction, payment, and release of judgment.

### E. Appellants' Motion for Summary Judgment

Appellants also assert in the fourth issue that the trial court erred in denying their motion for summary judgment on the bill of review because appellants "made a prima facie case and [appellee] offered no evidence in opposition, none." Appellants' motion for summary judgment is essentially identical to their response to appellee's motion for summary judgment. Just as appellants failed to raise a genuine issue of material fact in response to appellee's motion for summary judgment, they also failed to prove as a matter of law the arguments in their motion for summary judgment.

We conclude the trial court did not err in granting appellee's motion for summary judgment and denying appellants' motion for summary judgment. We overrule appellants' second and fourth issues.

### F. Ruling on Affirmative Defenses

◼ In their third issue, appellants assert the trial court erred in denying appellants' affirmative defenses because they were not struck or overruled by the trial court's granting appellee's motion for summary judgment. Appellants observe that the order granting summary judgment does not expressly state that appellants' affirmative defenses were ruled on, overruled, denied, or struck. However, in granting the summary judgment, the trial court necessarily concluded that the affirmative defenses were not established sufficiently to defeat summary judgment. The trial court is not required to state expressly that the affirmative defenses were ruled on, overruled, denied, or struck.

◼ Appellants also argue that the trial court erred in granting summary judgment because appellee did not disprove the affirmative defenses as a matter of law. Under summary judgment procedure, once the plaintiff/movant produces evidence entitling it to summary judgment on its cause of action, the burden shifts to the defendant/non-movant to raise a fact issue on its affirmative defenses. *Dallas Firefighters Ass'n v. Booth Research Group, Inc.*, 156 S.W.3d 188, 192 (Tex.App.-Dallas 2005, pet. denied). The plaintiff/movant has no burden to disprove a pleaded affirmative defense absent proof of the defense. *Nichols v. Smith*, 507 S.W.2d 518, 520 (Tex.1974); *Bass v. Bass*, 790 S.W.2d 113, 120 (Tex.App.-Fort Worth 1990, no writ). Because appellants failed to raise a genuine issue of material fact as to their affirmative defenses, appellee did not have to disprove the defenses, and the trial court did not err in granting appellee's motion for summary judgment. We overrule appellants' third issue.

### G. Pletta as a Party

◼ In their eighth issue, appellants assert the trial court erred in denying

their motion for summary judgment contending that Pletta was not a proper party in the bill of review. Pletta states he should not be a party in this case because he was not a named party in the underlying case and because the notice of assignment assigned only the right to collect payment of the invoices, not ownership of the claim. The copy of the notice of assignment in the summary judgment record was on Pletta's letterhead and it stated, "The right to payment under this invoice [sic] has been transferred and assigned to the Law Office [of Timothy G. Pletta for Collection.] Payments hereunder and/or communication are to be directed to the assignee at the below-listed law office address." Pletta's law office address was printed at the bottom of the notice. Contrary to Pletta's assertion, the copy of the notice before the trial court at the summary judgment hearing did not state the right to *collect* payment was assigned; it stated "the right to payment . . . has been transferred and assigned."

Rule of civil procedure 39(a) governs joinder of necessary parties:

> **Persons to be Joined if Feasible.** A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a

defendant, or, in a proper case, an involuntary plaintiff.

TEX.R. CIV. P. 39(a). According to the notice of assignment before the trial court, Pletta possessed the right to payment under the invoices. The lawsuit and default judgment in the underlying suit concerned the right to payment for the unpaid invoices. A ruling on the bill of review in Pletta's absence would either impede his ability to protect the judgment on his right to payment or prevent appellee from having the judgment set aside if Pletta is truly the owner of the underlying judgment based on the right to payment of the invoices.

Because the evidence before the court at the time it entered summary judgment showed Pletta was a necessary party, the trial court did not err in denying appellants' motion for summary judgment asserting that Pletta was not a proper party. We overrule appellants' eighth issue.

## VI. ISSUES CONCERNING THE TRIAL OF THE UNDERLYING CAUSE

After the trial court granted appellee's motion for summary judgment on the bill of review and set aside the underlying default judgment, the trial court conducted a trial on the underlying causes of action for breach of contract and quantum meruit. The trial court's findings of fact and conclusions of law concerning the evidence at the trial were as follows:

> The court, in its July 27, 2005 judgment, ordered that Tarrant Restoration take nothing on its claims against Tx Arlington Oaks for breach of contract and quantum meruit. In support of that portion of the judgment, the court finds that and concludes that the witness who testified on behalf of Tarrant Restoration did not have personal knowledge of the work that was done and his testimo-

ny was almost entirely speculation. And, the witness who testified on behalf of Arlington Oaks did not offer any evidence in support of Tarrant Restoration[']s claims. The documentary evidence was also speculative. In sum Tarrant Restoration did not present sufficient evidence for the court to find that the contract was completed, or that the work was done in a good and workman like manner, or that the work that was done had some monetary value.

## A. Accord & Satisfaction

In their fifth issue, appellants assert that the $275 check appellee sent to appellants was not an accord and satisfaction. Appellants ask that we reverse the trial court's judgment and render judgment that Tarrant Restoration did not compromise its claim by negotiating the check. The court's findings of fact and conclusions of law show the basis of the trial court's judgment was that "Tarrant Restoration did not present sufficient evidence for the court to find that the contract was completed, or that the work was done in a good and workman like manner, or that the work that was done had some monetary value." The negotiation of the $275 check was not a basis of the trial court's ruling that Tarrant Restoration take nothing. We overrule appellants' fifth point of error.

## B. Acknowledgment of Completion of the Work

▇▇▇ In their sixth issue, appellants assert the trial court erred in finding Tarrant Restoration did not meet its burden of proof and that appellee's acknowledgments on the invoices that the work was completed in a good and workmanlike manner established Tarrant Restoration's case.

The invoices Tarrant Restoration submitted at the apartment complex contained a statement above the signature line stating, "Customer acknowledges and accepts all work and invoice(s) herein, having been performed and completed timely and in a good and workmanlike manner and conforming to all representations and warranties. Customer agrees past due amounts shall incur late charges at the rate of 1.5% per month or 18% APR." The testimony at trial showed the invoices were signed by employees of Sandalwood Management. No evidence showed the invoices were signed by employees or agents of appellee. The trial court found this evidence was "speculative," and appellants do not explain why the trial court erred in so finding. We overrule appellants' sixth issue.

## VII. SANCTIONS

▇▇▇ In the tenth issue, appellants assert the trial court erred in imposing a $5000 sanction against them. To determine whether a sanction is authorized, we must first ascertain under what rule of law the sanction is imposed. When a sanction order refers to a specific rule, we are confined to determining whether the sanction imposed is authorized and appropriate under that particular rule. *Ford Motor Co. v. Tyson*, 943 S.W.2d 527, 533 (Tex. App.-Dallas 1997, orig. proceeding), *mandamus granted in part, In re Ford Motor Co.*, 988 S.W.2d 714 (Tex.1998); *Metzger v. Sebek*, 892 S.W.2d 20, 51 (Tex.App.-Houston [1st Dist.] 1994, writ denied). The trial court's judgment states the sanction was imposed under rule of civil procedure 13. *See* TEX.R. CIV. P. 13. Accordingly, we do not consider whether any other rule or basis for sanctions, including the court's inherent authority to sanction, supports imposition of the sanction. *Metzger*, 892 S.W.2d at 51.

■ Under rule 13, if an attorney or party signs a pleading, motion, or other paper that is groundless and either brought in bad faith or brought for the purpose of harassment, the trial court, after notice and hearing, shall impose an appropriate sanction available under rule 215.2(b), which includes an award of the other side's expenses. *See* TEX.R. CIV. P. 13, 215.2(b)(2). We review the trial court's decision whether to impose a sanction under an abuse of discretion standard. *Hardy v. Mitchell,* 195 S.W.3d 862, 865 (Tex. App.-Dallas 2006, pet. denied).

The trial court must set forth good cause supporting the imposition of sanctions in the order imposing sanctions. TEX.R.APP. P. 13. In this case, the trial court set forth three reasons for imposing the sanction. First, appellants filed suit in justice court and served appellee "in a manner not permitted under Texas law" and took a default judgment. Appellants then refused to agree to set aside the judgment after the bill of review was filed despite the fact that the manner in which they had served appellee and obtained the default judgment was groundless and in bad faith or for the purpose of harassment. Second, "By holding the check tendered 'as consideration in full,' taking a default judgment and then endorsing and negotiating the check, [appellants] sought and obtained the default judgment on a basis that was groundless and brought in bad faith . . . or . . . for the purpose of harassment." Third, appellants' requested attorney's fees in excess of $26,000 on a $275 claim were wholly disproportionate to the amount in controversy and were generated in a manner that was groundless and in bad faith or for the purpose of harassment.

By its express language, rule 13 applies only to pleadings, documents, or other papers signed by attorneys or parties. *See* TEX.R. CIV. P. 13; *GTE Commc'ns Sys. Corp. v. Tanner,* 856 S.W.2d 725, 730 (Tex. 1993). The trial court's findings of good cause for the sanction did not identify any pleading, motion, or other document signed by appellants that was groundless and brought in bad faith or for the purpose of harassment.[4] Accordingly, the trial court's findings do not support the imposition of sanctions under rule 13.[5]

We conclude the trial court erred in imposing the $5000 sanction against appellants under rule 13. We sustain the tenth issue. Because of our disposition of the tenth issue, we do not reach the ninth issue, which also asserted the trial court erred in imposing sanctions.

## VIII. ATTORNEY'S FEES

In their eleventh issue, appellants assert the trial court erred in not awarding them their attorney's fees as a prevailing party in a breach-of-contract suit. As discussed above, appellants failed to show the trial court erred in ruling against them on the breach-of-contract action. Accordingly, they were not the prevailing parties and are not entitled to attorney's fees. We overrule appellants' eleventh issue.

## IX. APPELLEE'S CROSS POINTS

■ Appellee's first cross point asserts the trial court erred in not imposing a

---

4. The trial court did not find appellants filed the underlying lawsuit in bad faith. The record does not show that appellants signed any document to obtain the default judgment. The request for attorney's fees in excess of $26,000 was not in a document signed by appellants but was part of the oral testimony at the bench trial of the underlying suit.

5. Whether the findings would support imposition of sanctions on another basis, such as the court's inherent authority to sanction, is not before us, and we make no holding on that issue.

$10,000 sanction against appellants. We do not have jurisdiction to consider this issue because appellee did not file a notice of appeal. *See* TEX.R.APP. P. 25.1(c) ("A party who seeks to alter the trial court's judgment must file a notice of appeal"); *Gore v. Scotland Golf, Inc.*, 136 S.W.3d 26, 34 (Tex.App.-San Antonio 2003, pet. denied).

Appellee's second cross point requests the imposition of a sanction against appellants for bringing a frivolous appeal. TEX. R.APP. P. 45. Having sustained one of appellants' issues, we conclude the appeal is not frivolous. We overrule appellee's second cross-point.

## X. CONCLUSION

We modify the trial court's judgment to vacate the $5000 sanction imposed against appellants, and we affirm the judgment as modified.