# NO. 12-20-00137-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TRACY PRYOR,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 114TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *JASON MOORE AND CITY OF TYLER*<br>*TEXAS,*<br>*APPELLEES* | *§* | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

This is a summary judgment case. In five issues, Appellant Tracy Pryor, acting pro se, contends the trial court erred in granting summary judgment in favor of the City of Tyler and in dismissing his claim against Jason Moore, the City's truck driver. We affirm.

### BACKGROUND

On July 31, 2018, a City of Tyler garbage truck, driven by Moore, was proceeding north in the outside, northbound lane on South Southeast Loop 323 in Tyler, Texas. Pryor was in a red Nissan pickup, in the inside, northbound lane traveling on South Southeast Loop 323. Pryor attempted to change lanes from the inside to the outside lane but collided with the City's garbage truck.

The responding police officer observed that Pryor's Nissan pickup had "significant sideswipe/front quarter panel damage." Pryor told the officer that the garbage truck "had come from behind him and passed on the right in the turn lane, causing the accident." Moore stated Pryor "had been driving recklessly, weaving in and out of traffic," and that when Pryor drove from the inside to the outside lane, he collided with the garbage truck. Several video cameras on the garbage truck recorded the actions of both drivers.

On February 22, 2019, Pryor gave written notice to the City that he was asserting a $500,000 claim for damages he sustained attributable to the accident. On December 2, 2019, Pryor sued the City and Moore. The City moved for the dismissal of its employee pursuant to Section 101.106(e) of the Texas Civil Practice and Remedies Code. The City also moved for both traditional and no evidence summary judgment, contending that governmental immunity barred Pryor's intentional tort claims and that Pryor failed to raise an issue of material fact as to his negligence claim. The City also maintained that its summary judgment evidence conclusively negated Pryor's negligence claim. As summary judgment evidence, the City submitted the videos from the garbage truck. The trial court dismissed Moore and granted the City's motion for summary judgment. This appeal followed.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his first issue, Pryor argues that the trial court erred in refusing his request for findings of fact and conclusions of law. "[F]indings of fact and conclusions of law have no place in a summary judgment proceeding[.]" *Linwood v. NCNB Texas*, 885 S.W.2d 102, 103 (Tex. 1994); *Tarrant Restoration v. Tx Arlington Oaks Apts., Ltd.*, 225 S.W.3d 721, 729 n.3 (Tex. App.—Dallas 2007, pet. dism'd w.o.j.). They are neither necessary nor proper. *Breakwater Advanced Mfg. LLC v. E. Tex. Mach. Works, Inc.*, No. 12-19-00013-CV, 2020 WL 827139, at *2 (Tex. App.—Tyler Feb. 19, 2020, pet. denied) (mem. op.). Therefore, the trial court did not err in denying Pryor's request for findings of fact and conclusions of law. Pryor's first issue is overruled.

### SUMMARY JUDGMENT

In his second issue, Pryor maintains that the record does not support the granting of summary judgment. In his third issue, Pryor contends the record fails to show that the City was entitled to summary judgment as a matter of law. Since these issues make essentially equivalent contentions, we shall address them together.

**Standard of Review**

Because the grant of a summary judgment is a question of law, we review the trial court's summary judgment decision de novo. *See Ft. Worth Transp. Authority v. Rodriguez*, 547 S.W.3d 830, 837 (Tex. 2018).

In this case, the City moved for a no evidence summary judgment. *See* TEX. R. CIV. P. 166a(i). The motion must state the elements as to which there is no evidence, but the movant need not produce any proof in support of its no evidence claim. ***DeGrate v. Exec. Imprints, Inc.***, 261 S.W.3d 403, 407 (Tex. App.—Tyler 2008, no pet.). A no evidence summary judgment motion is properly granted if the nonmovant fails to bring forth more than a scintilla of evidence to raise a genuine fact issue as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. ***Id***.; *see* ***Merrell Dow Pharm., Inc. v. Havner***, 953 S.W.2d 706, 711 (Tex. 1997).

The City also moved for traditional summary judgment. To be entitled to a traditional summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. ***Priddy v. Rawson***, 282 S.W.3d 588, 592 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). When reviewing a summary judgment, we "must examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." ***City of Keller v. Wilson***, 168 S.W.3d 802, 824 (Tex. 2005). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. ***State Farm Fire & Cas. Co. v. S.S.***, 858 S.W.2d 374, 380 (Tex. 1993).

When, as here, a party moves for both traditional and no evidence summary judgment, and the determination of the no evidence summary judgment could make the grounds asserted in the traditional motion moot, we first review the trial court's ruling under the no evidence standard of review. *See* ***Merriman v. XTD Energy, Inc***., 407 W.W.3d 244, 248 (Tex. 2013); ***Ford Motor Co. v. Ridgway***, 135 S.W.3d 598, 600 (Tex. 2004). If the trial court properly granted the no evidence motion, we do not consider the complaints raised regarding the traditional summary judgment motion. ***Ridgway***, 135 S.W3d at 600.

## Applicable Law

Generally, governmental units are entitled to immunity unless it has been waived. ***Rodriguez***, 547 S.W.3d at 835.

The Texas Tort Claims Act contains a limited waiver of governmental immunity for property damage, personal injury, or death caused by the wrongful act, omission, or negligence of an employee acting within the scope of his employment if (A) the property damage, personal

injury, or death arises from the operation or use of a motor driven vehicle or motor driven equipment, and (B) the employee would be personally liable to the claimant under Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (West 2019).

However, the TTCA does not waive a governmental unit's immunity for intentional torts arising out of the conduct of the unit's employee. *Id*. § 101.057 (West 2019); *Univ. of Tex. Med. Branch v. Hohman*, 6 S.W.3d 767, 777 (Tex. App.—Houston [1st Dist.] 1999, pet. dism'd w.o.j.). Intentional infliction of emotional distress is an intentional tort. *Twyman v. Twyman*, 855 S.W.2d 619, 621-22 (Tex. 1993). Therefore, governmental immunity bars a claim for intentional infliction of emotional distress. *City of Roman Forest v. Stockman*, 141 S.W.3d 805, 813 (Tex. App.—Beaumont 2004, no pet.). Abuse of process is also an intentional tort and a claim for abuse of process is similarly barred. *See Rubins v. People*, No. 07-14-00291-CV, 2015 WL 3525114, at *1 (Tex. App.—Amarillo, June 4, 2015, pet. denied) (mem. op.).

Pleadings, even if sworn, are not summary judgment evidence. *Hidalgo v. Sur. Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex. 1971). Therefore, neither a sworn original petition nor a sworn verified supplemental response will constitute summary judgment evidence. *See Laidlaw Waste Sys. (Dallas) Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995).

**Discussion**

Based on the factual allegations in his original petition, Pryor asserts two intentional tort claims against the City: abuse of process based on the City's attempt to prosecute a traffic ticket he received as a result of the accident, and intentional infliction of emotional distress based on the accident and the prosecution of the traffic ticket. Pryor also stated a claim for negligence.

In its traditional motion for summary judgment, the City asserted that its governmental immunity barred all of Pryor's claims except for his negligence claim. The Texas Tort Claims Act does not waive the City's immunity from intentional tort claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057. Therefore, governmental immunity bars Pryor's claims for intentional infliction of emotional distress and abuse of process.

The City also moved for a no evidence summary judgment on Pryor's negligence claim. The City stated the elements of a negligence claim and maintained that Pryor had no evidence of a breach of a duty owed by the City to Pryor that proximately caused his injuries.

In response, Pryor filed three items of evidence which he maintains create a fact issue in regard to his negligence claim. We disagree. First, in Pryor's affidavit, he discussed the

4

municipal court hearing related to his complaint that, in prosecuting his traffic ticket, the City was "stonewalling [him], sequestering discovery, and physically manipulating evidence." He referred to the hearing transcript as proof of the City's abuse of the judicial process, and he describes the prosecutor's attempt to induce him to plead guilty to the traffic ticket. However, the affidavit does not refer to the accident and, consequently, contributes nothing toward raising a fact issue as to his negligence claim. Second, in an affidavit, J. David Leonard stated that his company improved "the intelligibility of digital audio recordings through the reduction of interfering noises." Leonard described the work he performed for Pryor regarding the videos from the garbage truck but did not state what he heard on the videos. Pryor asserts the affidavit shows that Moore was driving the garbage truck "as he intentionally sped up and hit [Pryor's] vehicle [and] stated 'gotcha.'" But Leonard did not make this statement in his affidavit. Leonard's affidavit did not raise a fact issue as to Pryor's negligence claim. Third, Pryor submitted the reporter's record from the municipal court trial. The record contains the testimony of Moore, who stated that he was driving the City's garbage truck when the accident occurred and that cameras mounted on the garbage truck recorded the actions of each party. When the prosecutor attempted to introduce one of the videos into evidence, Pryor objected because he had not received all the videos from the truck cameras as requested. The municipal court sustained his objection and subsequently declared a mistrial. There is no testimony in the municipal court record relating to the accident itself or the alleged negligence of the City.

Pryor further argues that his petition was verified and that his statement of the facts therein under oath is sufficient to defeat the City's motion for summary judgment. A verified original petition does not constitute summary judgment proof. *See* ***Laidlaw Waste Sys. (Dallas) Inc.***, 904 S.W.2d at 660. Therefore, Pryor's verified petition does not raise a fact issue regarding his negligence claim. Pryor also filed a verified supplemental response three days before the summary judgment submission date. However, this response was untimely, because it was filed less than seven days prior to the hearing without leave of court. *See* TEX. R. CIV. P. 63. Even had it been timely filed, it contained no proof creating a fact issue as to Pryor's negligence claim. Accordingly, the trial court properly granted the City's no-evidence summary judgment motion.

Because the trial court properly granted summary judgment in favor of the City, we overrule Pryor's second and third issues.

**Summary Judgment Evidence**

In his fourth issue, Pryor claims that the affidavits submitted with the City's traditional summary judgment motion are defective and cannot constitute summary judgment evidence. But having concluded that governmental immunity bars Pryor's intentional tort claims and that the trial court properly granted the City's no-evidence summary judgment motion as to negligence, we need not review either the sufficiency of the City's traditional motion nor need we consider the sufficiency of the evidence supporting that motion. *See* TEX. R. APP. P. 47.1. Pryor's fourth issue is overruled.

## DISMISSAL OF CITY'S EMPLOYEE

In his fifth issue, Pryor contends the trial court erred in dismissing Moore. Specifically, Pryor maintains that he sued Moore individually for intentionally driving his garbage truck into Pryor's car. Pryor claims that Moore was not acting with the scope-of-his employment.

**Applicable Law**

Section 101.106 of the Texas Tort Claims Act, in pertinent part, provides as follows:

a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

d) A judgment against any employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106 (West 2019). All tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be under the Texas Tort Claims Act for purposes of Section 101.106. ***Mission Consol. Indep. Sch. Dist. v. Garcia***, 253 S.W.3d 653, 659 (Tex. 2008).

When "a plaintiff sues both a governmental unit and its employees in tort . . . [S]ection 101.106(e) requires that 'the employees shall immediately be dismissed on the filing of a motion by the governmental unit.'" ***Univ. of Tex. Health Sci. Ctr. v. Rios***, 542 S.W.3d 530, 537 (Tex. 2017). "[T]his requirement effectively makes a plaintiff's apparent nonchoice an election to sue only the government." ***Id***.

The Texas Tort Claims Act defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by [a] competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5) (West 2019). Subjective intent is not "a necessary component of the scope-of-employment analysis. Rather, the Tort Claims Act focuses on 'performance . . . of the duties of an employee's office or employment,' which calls for an objective assessment of whether the employee was doing her job when she committed an alleged tort, not her state of mind when she was doing it." ***Laverie v. Wetherbe***, 517 S.W.3d 748, 752-53 (Tex. 2017). The scope-of-employment analysis is objective - "Is there a connection between the employee's job duties and the alleged tortious conduct? The answer may be yes even if the employee performs negligently or is motivated by ulterior motives or personal animus so long as the conduct itself was pursuant to [the employee's] job responsibilities." ***Id***. at 753. "So long as it falls within the duties assigned, an employee's conduct is 'within the scope of employment,' even if done in part to serve the purposes of the employee or a third person." ***Anderson v. Bessman***, 365 S.W.3d 119, 125-26 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

**Discussion**

Pryor's pleadings show that Moore was, at the time of the accident, driving a garbage truck, the duty assigned him by the City. His conduct was unquestionably within the scope of his employment. Suit could have been, and was, brought against the City under the Texas Tort Claims Act. Moore is, therefore, immune from tort liability whether sued in an official or individual capacity. *See **Franka v. Velasquez***, 332 S.W.3d 367, 381 (Tex. 2011).

7

Pryor's filing of suit against the City constituted an irrevocable election barring "any suit or recovery" against Moore, the City's employee, regarding the same subject matter.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a), (e).  Moore was entitled to dismissal and the trial court properly dismissed him pursuant to Section 101.106(a) and (e).  Pryor's fifth issue is overruled.

## DISPOSITION

Because we overrule each of Pryor's five issues, we ***affirm*** the trial court's judgment.

**BILL BASS**
Justice

Opinion delivered April 21, 2021.
*Panel consisted of Hoyle, J., Neeley, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 21, 2021**

**NO. 12-20-00137-CV**

**TRACY PRYOR,**
Appellant
V.
**JASON MOORE AND CITY OF TYLER TEXAS,**
Appellees

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 19-2954-B)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**; all costs of this appeal are assessed against Appellant, **TRACY PRYOR,** and that this decision be certified to the court below for observance.

Bill Bass.
*Panel consisted of Hoyle, J., Neeley, J. and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*