

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00368-CV

DOUGLAS ARNOLD HINES                                        APPELLANT

V.

DEUTSCHE BANK NATIONAL                                        APPELLEES
TRUST COMPANY AS TRUSTEE
FOR CERTIFICATEHOLDERS OF
THE MORGAN STANLEY ABS
CAPITAL I INC. - TRUST 2003-
NC10 AND ITS MORTGAGE
SERVICERS, BANK OF AMERICA,
N.A., AND SELECT PORTFOLIO
SERVICING, INC.

----------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 153-251485-11

----------

## MEMORANDUM OPINION[1]

----------

---

[1]*See* Tex. R. App. P. 47.4.

# I. INTRODUCTION

This is a summary judgment appeal. Appellant Douglas Arnold Hines brought suit against Appellees Deutsche Bank National Trust Company, as trustee for the Certificateholders of the Morgan Stanley ABS Capital I Inc., Trust 2003-NC10 (Deutsche Bank), and its mortgage servicers, Bank of America, N.A. (BOA) and Select Portfolio Servicing, Inc. (Select Portfolio), alleging conversion and fraud claims. BOA, as the mortgage servicer for Deutsch Bank, filed a counterclaim seeking foreclosure of Deutsch Bank's lien on Hines's property. Appellees filed both a no-evidence motion for summary judgment and a traditional motion for summary judgment as to Hines's conversion and fraud claims. Select Portfolio, as the successor mortgage servicer for Deutsch Bank, filed a traditional motion for summary judgment on the foreclosure counterclaim.[2] The trial court granted all three of Appellees' motions for summary judgment. In four issues, Hines argues that the trial court erred by granting the three motions for summary judgment and abused its discretion by denying his motion for new trial and plea in abatement. We will affirm.

---

[2]BOA was Deutsch Bank's mortgage servicer when BOA filed the foreclosure counterclaim. Select Portfolio was Deutsch Bank's mortgage servicer when Select Portfolio filed the traditional motion for summary judgment on the foreclosure counterclaim.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On June 25, 2003, Hines took out a home equity loan with New Century Mortgage Corporation (New Century) in the principal amount of $137,600. Hines signed a note promising to repay that amount with interest and also signed a security instrument granting a first lien to New Century against his property. New Century subsequently assigned the note and security instrument to Deutsche Bank. Countrywide Home Loans Servicing, LP (Countrywide) originally serviced the loan for Deutsche Bank. BOA, and then later Select Portfolio, also serviced the loan on behalf of Deutsch Bank.

The security instrument required that Hines insure his home against hazards. It also provided that if Hines failed to maintain the required insurance coverage, the lender could obtain its own policy at Hines's expense. Through the security instrument, Hines agreed that a lender-placed policy "shall cover lender, but might or might not protect [Hines], [Hines's] equity in the Property, or the contents of the Property, against any risk, hazard or liability."

Hines did not obtain his own insurance policy covering his property. Therefore, Countrywide obtained a lender-placed policy with Balboa Insurance Group (Balboa) to protect the lender's interest in Hines's property. Countrywide specifically warned Hines that the policy "will only protect Countrywide's interest in [Hines's] property" and that "[i]n the event of a claim, all payments will be made to Countrywide."

3

In June 2006, Hines's home suffered water damage due to a ruptured pipe. Hines paid a contractor $28,820 to repair the damage. Hines did not provide Countrywide—Deutsch Bank's mortgage servicer at the time—with a copy of the contractor's estimate, nor did he provide Countrywide a copy of the contract between himself and the contractor. Hines admits that Countrywide never told him that he would be reimbursed for the amount he paid the contractor. Meanwhile, Balboa paid Countrywide $16,822.03 under the lender-placed policy.

Over a year after the water damage occurred, Hines stopped making payments on the loan, ostensibly due to Countrywide and Deutsch Bank's refusal to reimburse him for the money he spent repairing his home.[3] On September 12, 2007, Countrywide sent Hines a default notice and provided him an opportunity to cure the default. As Hines did not cure the default, Countrywide accelerated the note, as allowed under the terms of the note.

On March 8, 2011, over four years after Balboa paid the insurance proceeds to Countrywide, Hines sued Deutsch Bank alleging conversion and fraud arising out of the payment of the insurance proceeds to Countrywide. Hines later amended his petition to add BOA and Select Portfolio as defendants. When BOA, acting as the mortgage servicer for Deutsch Bank, filed a

---

[3]Appellees point out that Hines was also out of work during much of the time period between the water damage and the date he stopped making payments on the loan.

4

counterclaim seeking to foreclose on Deutsch Bank's lien on Hines's property, Hines answered, asserting the affirmative defenses of estoppel, quasi-estoppel, waiver, and payment.

Appellees filed traditional and no-evidence motions for summary judgment as to Hines's conversion and fraud claims, arguing that Hines was not entitled to the insurance proceeds and that his claims were barred by limitations. Select Portfolio, on behalf of Deutsch Bank, filed a traditional motion for summary judgment on Deutsch Bank's foreclosure counterclaim. Hines filed responses to Appellees' no-evidence motion for summary judgment and Select Portfolio's traditional motion for summary judgment, but he did not file a response to Appellees' traditional motion for summary judgment on his conversion and fraud claims. The trial court granted all three motions for summary judgment and denied Hines's plea in abatement that argued that Select Portfolio and its counsel lacked standing to file the traditional motion for summary judgment on the foreclosure counterclaim. The trial court then denied Hines's motion for new trial that was based upon the existence of newly discovered evidence. This appeal ensued.

### III. SUMMARY JUDGMENT AS TO THE FORECLOSURE COUNTERCLAIM

In his first issue, Hines argues that the trial court erred in granting Select Portfolio's traditional motion for summary judgment that sought an order authorizing the foreclosure of Deutsch Bank's lien.

5

## A. Standard of Review

We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

When the movant has established the absence of any genuine issue of material fact as to its own cause of action, the nonmovant cannot defeat the granting of a motion for summary judgment by merely pleading an affirmative defense. *Holmes v. Graham Mortg. Corp.*, 449 S.W.3d 257, 264 (Tex. App.—Dallas 2014, pet. denied); *Jones v. Legal Copy, Inc.*, 846 S.W.2d 922, 924 (Tex. App.—Houston [1st Dist.] 1993, no pet.). Instead, the nonmovant "must come forward with evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment." *Holmes*, 449 S.W.3d at 264. Thus, once the movant produces evidence entitling it to summary judgment on its own cause of action, the burden shifts to the nonmovant to raise a fact issue on its

6

affirmative defense. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *Tarrant Restoration v. TX Arlington Oaks Apartments, Ltd.*, 225 S.W.3d 721, 730 (Tex. App.—Dallas 2007, pet. dism'd w.o.j.).

## B. Analysis

Hines does not contest that Select Portfolio conclusively proved all essential elements of the foreclosure counterclaim. Rather, Hines argues that he raised a fact issue on his affirmative defenses of estoppel, quasi-estoppel, waiver, and payment.

Hines's first three affirmative defenses—estoppel, quasi-estoppel, and waiver—are all predicated on the argument that Hines was entitled to the proceeds of the lender-placed insurance policy. In short, Hines argues that the fact that the insurance proceeds were not turned over to him should preclude foreclosure. This argument fails because Hines was not entitled to the insurance proceeds. The security instrument—that was signed by Hines—specifically provided that a lender-placed policy "shall cover lender, but might or might not protect [Hines], [Hines's] equity in the Property, or the contents of the Property, against any risk, hazard or liability." When it obtained the lender-placed policy, Countrywide specifically warned Hines that the policy "will only protect Countrywide's interest in [Hines's] property" and that "[i]n the event of a claim, all payments will be made to Countrywide." As Hines was not entitled to the insurance proceeds, his affirmative defenses of estoppel, quasi-estoppel, and waiver fail.

7

Hines next contends that he raised a fact issue on his affirmative defense of payment, pointing to the $28,820 that he paid for repairs and $19,535.37 that was deposited by Hines into the registry of the 342nd District Court in a related proceeding.[4] The summary judgment evidence establishes that the amount due on the loan as of the date Select Portfolio moved for summary judgment was $244,646.28; thus, even if Hines was entitled to some type of credit for these amounts, a deficiency would exist authorizing the order of foreclosure. Consequently, we hold that Hines did not raise a fact issue on his affirmative defense of payment.

Because Hines did not raise a fact issue on any of his affirmative defenses, the trial court properly granted Select Portfolio's traditional motion for summary judgment on the foreclosure counterclaim. We overrule Hines's first issue.

## IV. SUMMARY JUDGMENT AS TO HINES'S CLAIMS

In his second issue, Hines argues that the trial court erred by granting Appellees' no-evidence motion for summary judgment on his conversion and fraud claims. Appellees' no-evidence motion for summary judgment and Appellees' traditional motion for summary judgment both sought judgment on Hines's claims for conversion and fraud, but Hines failed to file a response in the

---

[4]During oral argument, all parties confirmed that they were not seeking any relief from this court regarding the distribution of funds held in the registry of the 342nd District Court.

8

trial court to Appellees' traditional motion for summary judgment and makes no argument on appeal challenging Appellees' traditional motion for summary judgment. Accordingly, because the granting of Appellee's traditional motion for summary judgment is not challenged on appeal, any trial court error in granting Appellees' no-evidence motion is harmless.[5] That is, in the absence of a challenge to the traditional summary judgment granted to Appellees on Hines's conversion and fraud claims, any error in the granting of a no-evidence motion for summary judgment on Hines's conversion and fraud claims is harmless. *See* Tex. R. App. P. 44.1(a); *accord Perez-Montes v. Live Oak Constr., Inc.*, No. 13-13-00674-CV, 2015 WL 2352423, at *2 (Tex. App.—San Antonio May 14, 2015, no pet.) (mem. op.) (holding that because the plaintiff failed to challenge the grant of summary judgment based on no-evidence grounds, any error with regard to the grant of summary judgment based on traditional grounds was harmless, where both no-evidence and traditional motions sought the same relief). We overrule Hines's second issue.

---

[5]At times in his briefing, Hines refers to "Appellees' traditional motion for summary judgment." The context of those references makes clear, however, that Hines is really discussing Select Portfolio's traditional motion for summary judgment on the foreclosure counterclaim. *See, e.g.*, Hines's Brief, p. 11 ("The trial court granted Appellees' Motion for a Traditional Summary Judgment on their counterclaim for foreclosure . . . ."); Hines's Reply Brief, p. 10 ("[I]n support of his affirmative defenses serving to defeat the Appellees' Traditional Motion for Summary Judgment thereby precluding foreclosure . . . ."). Apart from these and similar mischaracterized references, Hines does not discuss Appellees' traditional motion for summary judgment in his briefing.

## V. HINES'S MOTION FOR NEW TRIAL

In his third issue, Hines argues that the trial court abused its discretion by denying his motion for new trial asserting the existence of newly discovered evidence.

### A. The Law

A party seeking a new trial based upon the existence of newly discovered evidence must show: (1) the evidence has come to light since trial, (2) the failure to discover the evidence sooner was not due to lack of diligence, (3) the evidence is not cumulative, and (4) the evidence is so material it would probably produce a different result if a new trial were granted. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010). We review the denial of a motion for new trial under an abuse of discretion standard. *Id.* A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

### B. Analysis

In his motion for new trial, Hines argued that he recently discovered evidence of a class-action lawsuit against BOA and Balboa that involved alleged kickbacks between the two entities as it related to lender-placed insurance policies. Hines attached to his motion for new trial certain pleadings from the class-action case as well as certain press releases relating to the settlement of the class action. According to Hines, this evidence necessitated a new trial.

10

Appellees point out that the class action was filed over two years prior to the court's ruling on the summary judgment motions and therefore does not constitute newly-discovered evidence. Appellees also argue that Hines has not established that the "newly discovered" evidence is so material that it would probably produce a different result if a new trial were granted. *See Waffle House*, 313 S.W.3d at 813. The facts surrounding the class action do not change the fact that Hines was not entitled to the insurance proceeds of the lender-placed policy; his assertion that he was so entitled forms the basis of his affirmative and defensive claims in this case. Hines expressed his desire during oral argument to use the evidence in the class action to assert *additional* claims against Appellees; but a motion for new trial based on newly-discovered evidence may not be used for such a purpose.[6] *See Loera v. Interstate Inv. Corp.*, 93 S.W.3d 224, 228 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("Appellants cannot rewrite their pleadings to allege new causes of action for the first time in a motion for new trial.").

We hold that the trial court did not abuse its discretion by denying Hines's motion for new trial. We overrule Hines's third issue.

---

[6]Moreover, Hines conceded that he is a member of the class action and intends to submit a claim pursuant to the class-action settlement.

11

## VI. HINES'S PLEA IN ABATEMENT

In his fourth issue, Hines argues that the trial court erred by denying his plea in abatement contending that Select Portfolio and its counsel lacked standing to file any motion for summary judgment on behalf of Deutsch Bank.[7]

### A. Standard of Review

We review a trial court's decision on a plea in abatement for an abuse of discretion. *Griffith v. Griffith*, 341 S.W.3d 43, 53 (Tex. App.—San Antonio 2011, no pet.); *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 469 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.). As stated above, a trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low*, 221 S.W.3d at 614; *Cire*, 134 S.W.3d at 838–39.

### B. Application

Hines first argues that Select Portfolio lacked standing to file a motion for summary judgment on behalf of Deutsch Bank. Hines acknowledges in his pleadings and brief, however, that Select Portfolio is the current mortgage servicer for Deutsch Bank. As the mortgage servicer for Deutsch Bank, Select Portfolio was authorized to administer foreclosure proceedings on behalf of Deutsch Bank. *See* Tex. Prop. Code Ann. § 51.0025 (West 2014) (authorizing a

---

[7]Although Hines's plea in abatement is not in the record, the record contains the reporter's record of the hearing on Hines's plea in abatement, and the arguments contained in the plea in abatement can be gleaned from that record.

mortgage servicer to administer foreclosure proceedings on behalf of a mortgagee).

Hines next argues that Select Portfolio's counsel did not have the authority to file any motion for summary judgment on behalf of Deutsch Bank, as Deutsch Bank had other counsel in this case. According to Hines, Select Portfolio's counsel was required to obtain an order substituting it as counsel for Deutsch Bank before it could file any motion on behalf of Deutsch Bank. Select Portfolio's counsel, however, was not acting on behalf of Deutsch Bank when it filed the traditional motion for summary judgment, but was acting as counsel for Select Portfolio, who was itself acting as the mortgage servicer for Deutsch Bank. Moreover, if Hines did not believe that Select Portfolio's counsel had the authority to file any of the motions for summary judgment, Hines was required to file a motion to show authority in accordance with Rule 12 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 12; *Tanner v. Black*, 464 S.W.3d 23, 26 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("Rule 12 has long been the exclusive method for questioning the authority of an attorney to bring a suit.").

Based on the foregoing, we hold that the trial court did not abuse its discretion in denying Hines's plea in abatement. We thus overrule Hines's fourth issue.

## VII. CONCLUSION

Having overruled Hines's four issues, we affirm the trial court's judgment.

13

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DELIVERED:  November 12, 2015