**Affirmed and Opinion Filed October 21, 2014**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01047-CV

**ROBERT H. HOLMES, SR., Appellant**

**V.**

**GRAHAM MORTGAGE CORPORATION, Appellee**

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-05579-H**

## OPINION

Before Justices Francis and Myers[1]
Opinion by Justice Francis

In this suit on a guaranty, Robert H. Holmes, Sr. appeals the trial court's order granting Graham Mortgage Corporation's motion for summary judgment and denying a series of motions for summary judgment urged by Holmes. In eleven issues, Holmes challenges the order in Graham Mortgage's favor on procedural and defensive grounds. We affirm.

On July 24, 2007, the Holmes Family Interest, Inc. (HFI) signed a Deed of Trust Note in the principal amount of $1,750,000, secured by twenty residential lots of real property (the Note), and delivered that Note to Graham Mortgage. As a necessary condition to Graham Mortgage's funding, Holmes signed his Unconditional Guaranty of the debt evidenced by the

---

[1] Justice David Lewis was a member of the panel and participated in the submission of this case, but he did not participate in the issuance of this opinion. *See* TEX. R. APP. P. 41(b).

Note (the Guaranty), and he delivered the Guaranty to Graham Mortgage. The Guaranty included a paragraph titled Waiver of Defenses, which states in relevant part:

> 7. <u>Waiver of Defenses</u>. Until the Guaranteed Obligations are fully performed, Guarantor shall not be released by reason of . . . the illegality or unenforceability of all or any part of the indebtedness represented by the Note as against Borrower or Guarantor based on usury or other legal defenses, statutory or otherwise, and Guarantor hereby to the maximum extent permitted by applicable law expressly waives and surrenders any defense to liability hereunder based upon the foregoing acts, things, agreements or waivers, or any of them.

Approximately one year later, HFI declared bankruptcy and stopped paying on the Note. Graham Mortgage eventually obtained relief from the automatic stay and foreclosed on the lots that had not already been sold by HFI. Graham Mortgage purchased the lots at the foreclosure sale for a total of $1,120,000.

Subsequently, Graham Mortgage sued Holmes as guarantor, alleging a deficiency owed under the Note in the amount of $912,077.09, with interest continuing to accrue. Holmes answered, pleading a general denial and the following theories under the heading Affirmative Defenses: accord and satisfaction, estoppel (specifically including equitable estoppel, quasi-estoppel, and judicial estoppel), cancellation of the debt (based upon Graham Mortgage's filing of an IRS Form 1099-C, its receipt of proceeds from its sale of the lots, and merger of title), payment, illegality, unjust enrichment, ambiguity, mutual mistake, unilateral mistake, and offset. Holmes also sought a determination of the fair market value of the unsold lots securing the Note so that he might recover a credit under section 51.003 of the Texas Property Code if the foreclosure-sale price was found to be less than that fair market value.

Both parties moved for summary judgment. Graham Mortgage's motion was a traditional motion for summary judgment, which contended Holmes owed the deficiency amount as guarantor of the Note, and that Holmes had waived all of his various defenses. Holmes filed a series of four motions for summary judgment: (1) a no-evidence motion contending Graham

Mortgage was bound by deemed admissions that established the Note had been paid in full; (2) a traditional motion contending Graham Mortgage's claim was barred by judicial estoppel, based upon bankruptcy filings made by the lender; (3) a hybrid motion contending Graham Mortgage had already received payment of the debt through sale of the collateral; and (4) a traditional motion contending Graham Mortgage's claim was barred by a mutual mistake of law concerning Holmes's rights under section 51.003 of the property code. The trial court granted summary judgment for Graham Mortgage in the amount of the claimed deficiency, plus interest and attorney's fees, and denied Holmes's motions. Holmes appeals.

We review the trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We apply well-known standards in our review of traditional and no-evidence summary judgment motions. *See Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). With respect to a traditional motion for summary judgment, the movant has the burden to demonstrate that no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548–49. We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. TEX. R. CIV. P. 166a(i); *Gish*, 286 S.W.3d at 310. To defeat a no-evidence summary judgment, the nonmovant is required to produce evidence that raises a genuine issue of material fact on each challenged element of its claim. *Gish*, 286 S.W.3d at 310; *see also* TEX. R. CIV. P. 166a(i). In both instances, we credit evidence favorable to the nonmovant if reasonable jurors could, and we disregard evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). On cross-motions for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *See Guynes v. Galveston County,* 861 S.W.2d 861, 862 (Tex.

1993).  When the trial court grants one motion and denies the other, we consider both motions, their evidence, and their issues, and we render the judgment that the trial court should have rendered.  *Fielding*, 289 S.W.3d at 848.

Holmes raises two issues regarding the summary judgment record.  In his first issue, he argues the trial court erred in granting summary judgment because "deemed admissions preclude [Graham Mortgage] from obtaining a judgment against [Holmes] based on facts that are contrary to the deemed admissions."  Holmes refers to a set of unanswered requests for admission, among which were the following statements to be admitted or denied:

- After you received the proceeds from the sale of all the lots in the Remaining Property the Note was paid in full.

- The Note has been paid in full.

- If you [are] collecting more than the face and tenor of the Note, from the sale of the collateral securing the Note and/or under the Guaranty, you will be unjustly enriched.

We review the trial court's discovery rulings under an abuse of discretion standard.  *Avary v. Bank of Am., N.A.*, 72 S.W.3d 779, 787 (Tex. App.—Dallas 2002, pet. denied).

It is undisputed that Graham Mortgage did not respond to Holmes's requests for admission.  It is also undisputed that Holmes sent the requests for admission to counsel for Graham Mortgage by email, which was not—at the relevant time—a method of service permitted by rule 21a of the rules of civil procedure.  When Holmes "served" his requests for admission, the rule provided such requests:

> may be served by delivering a copy to the party to be served, or the party's duly authorized agent or attorney of record, as the case may be, either in person or by agent or by courier receipted delivery or by certified or registered mail, to the party's last known address, or by telephonic document transfer to the recipient's current telecopies number, or by such other manner as the court in its discretion may direct.

–4–

TEX. R. CIV. P. 21a (1990, amended 2013). Because Holmes did not comply with rule 21a, his requests for admission were never "served" within the meaning of the rule. *See id.* Accordingly, we conclude Graham Mortgage had no obligation to respond to the requests. *See* TEX. R. CIV. P. 198.2(a) ("responding party must serve a written response on the requesting party within 30 days after service of the request").

Holmes relies on cases in which rule 21a's service requirements were waived after the opposing party actually received the document at issue. *See Jones v. Stayman*, 732 S.W.2d 437, 438 n.5 (Tex. App.—Dallas 1987, orig. proc.); *Amir-Sharif v. Quick Trip Corp.*, No. 05-09-01497-CV, 2011 WL 1367042, at *2–3 (Tex. App.—Dallas Apr. 12, 2011, no pet.). However, in those opinions this Court considered the objectives of the service rule and the issue of prejudice when determining whether errors in service should be overlooked, not merely whether the document was received. *See Jones*, 732 S.W.2d at 438 n.5 ("The requirement of rule 21a that notice be sent by registered or certified mail is waived if the person to be notified actually receives the notice and is not prejudiced by the failure to follow the strict requirement of the rule."); *see also Amir-Sharif*, 2011 WL 1367042, at *3 ("When attempted service pursuant to Rule 21a achieves actual timely delivery to the proper party in a manner that accomplishes the objective of the rule, and no harm is shown, courts have found adequate service." (citing *Jones*)). In *Amir-Sharif*, we stressed that we will closely examine cases in which a party fails to make an appearance and participate in a hearing affecting his rights following improper service. 2011 WL 1367042, at *3 (determining that appellant's receipt of notice of hearing did not render improper service harmless). In this case, Holmes filed a summary judgment motion seeking judgment as a matter of law based on the purportedly deemed admissions resulting from Graham Mortgage's failure to respond to the emailed requests for admission. As a result, this case merits the close examination we directed in *Amir-Sharif*.

In response to Holmes's motion, counsel for Graham Mortgage testified that his firm does not routinely review or docket emails. Given that email was not a method of service permitted by rule 21a at that time, it was not unreasonable for counsel to treat emails differently than materials that arrived, for example, by certified mail or facsimile. Attorneys should be able to structure internal procedures around their opponents' compliance with the rules of civil procedure in such matters as service of documents. And such compliance is especially important when the objective of serving the document is to trigger a required action by the recipient. *See id.* (service must accomplish the objective of the rule).

We discern no abuse of discretion in the trial court's refusal to treat the unanswered requests as deemed admissions for purposes of summary judgment. *See Avary*, 72 S.W.3d at 787. No deemed admissions will be considered part of the summary judgment record before us. We decide Holmes's first issue against him, and we affirm the order's denial of Holmes's motion for summary judgment on this ground.

Holmes also challenges Graham Mortgage's summary judgment evidence. That evidence included the affidavit of Grant Morrow and—among its attachments—the Note, its associated Deed of Trust, and the Guaranty. Holmes filed written objections to the affidavit in the trial court. In his tenth issue, Holmes again contends Morrow's affidavit was "insufficient" summary judgment proof because (1) it was conclusory, (2) it offered evidence contrary to the purportedly deemed admissions, and (3) it contained self-serving statements of an interested witness. Graham Mortgage argues these objections were not preserved below because Holmes did not obtain a ruling on them from the trial court. Holmes renewed the objections in his motion for new trial, unsuccessfully seeking a ruling for the second time; he argues he has thereby preserved his objections because the trial court refused to rule on them. *See* TEX. R. APP. P. 33.1(a)(2)(B) (objection preserved if properly made and trial court "refused to rule on the request, objection, or

motion, and the complaining party objected to the refusal"). We need not decide whether such an unsuccessful renewal suffices to establish the trial court refused to rule, because even if they are preserved, the objections fail.

Holmes objected to the following four paragraphs of the Morrow affidavit:

9. Borrower defaulted on its obligations under the terms of the Note.

10. Despite demand having been made, Guarantor has failed and refused, and continues to fail and refuse, to pay the amounts due and owing to [Graham Mortgage] under the terms of the Note and the Guaranty. A true and correct copy of the demand is attached hereto as Exhibit No. 1D and by reference made a part hereof.

12. After all just and lawful offsets and credits have been allowed, there is a principal balance, plus accrued interest and charges through March 15, 2010, due and owing under the terms of the Note in the amount of $912,077.09, with interest continuing to accrue at the rate of $397.02 per day from and including March 16, 2010, until the date judgment is entered.

13. Guarantor's default under the terms of the Note and Guaranty made it necessary for [Graham Mortgage] to employ the law firm of SETTLEPOU and agree to pay reasonable attorney's fees for collection of the Note and Guaranty.

Holmes argues paragraphs 9, 12, and 13 are conclusory. Affidavits consisting only of conclusions are insufficient summary judgment evidence. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). An affidavit supporting or opposing a motion for summary judgment must set forth facts, not legal conclusions. *See Beta Supply, Inc. v. G.E.A. Power Cooling Sys., Inc.,* 748 S.W.2d 541, 542 (Tex. App.—Houston [1st Dist.] 1988, writ denied). But these paragraphs do state facts, not legal conclusions. Paragraph 9 states the fact that HFI defaulted under the terms of the Note, and paragraph 10 explains precisely what conduct was involved in that default, that is, the failure to pay amounts owed under the Note despite demand. The affidavit states that Morrow is vice president of Graham Mortgage. An affidavit, made on personal knowledge of a bank officer, which identifies the notes and guaranty, and recites the principal and interest due, is not conclusory. *Am. 10-Minute Oil Change, Inc. v. Metro. Nat.*

–7–

*Bank-Farmers Branch*, 783 S.W.2d 598, 601 (Tex. App.—Dallas 1989, no writ) (citing *8920 Corp. v. Alief Alamo Bank*, 722 S.W.2d 718, 720 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.)). We conclude Holmes's objection that these paragraphs are conclusory fails.

Holmes also objected that paragraphs 10 and 12 are improper because they offer evidence contrary to the "deemed admissions" of Graham Mortgage. We have already concluded that no admissions were deemed below. These objections also fail.

And finally, Holmes contends that paragraphs 10 and 12 are self-serving statements of an interested witness "concerning what he knew or intended," and thus are not subject to being readily controverted. We disagree. Paragraphs 10 and 12 do not set out Morrow's thoughts or intentions, but HFI's conduct (namely its failure to pay amounts owed under the Note) and the result of that conduct (namely the amount owed in unpaid principal and interest). These statements could have readily been controverted if HFI had come forward with evidence of its payments on the Note. It did not do so. These objections fail as well.

We conclude the Morrow affidavit was properly included in the summary judgment record, and we overrule Holmes's tenth issue.

Having disposed of the evidentiary issues, we now turn to the summary judgment in Graham Mortgage's favor. Graham Mortgage's claim under the Guaranty required proof of (1) the existence and ownership of the Guaranty, (2) the terms of the Note underlying the Guaranty, (3) the occurrence of the conditions upon which liability is based, that is, default under the Note, and (4) Holmes's failure or refusal to perform the Guaranty's promise. *See Gold's Gym Franchising LLC v. Brewer*, 400 S.W.3d 156, 160 (Tex. App.—Dallas 2013, no pet.). By filing a traditional motion for summary judgment on the Guaranty claim, Graham Mortgage assumed the obligation to prove each of these elements as a matter of law, and it has done so. The Morrow affidavit establishes the existence of the Guaranty, Graham Mortgage's ownership of

the Guaranty, HFI's obligation to pay under the Note, HFI's default on its obligation to pay, and Holmes's failure and refusal to pay the amounts due and owing under the terms of the Note and Guaranty. Indeed, Holmes's response to Graham Mortgage's motion did not challenge any of these elements substantively.

In his eleventh issue, Holmes contends Graham Mortgage did not establish it was entitled to summary judgment because he pleaded affirmative defenses and Graham Mortgage did not offer "competent summary judgment evidence to overcome those bars to [Graham Mortgage's] claims." Holmes misunderstands the parties' relative summary judgment burdens in this context. The plaintiff, as movant, must conclusively prove it is entitled to prevail on each element of its cause of action as a matter of law. *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex. 1972). But the plaintiff is not under any obligation to negate the defendant's affirmative defenses. *Thompson v. Chrysler First Bus. Credit Corp.*, 840 S.W.2d 25, 28 (Tex. App.—Dallas 1992, no writ). The mere pleading of an affirmative defense—or many affirmative defenses—cannot defeat a motion for summary judgment. *Id.* Instead, the defendant "must come forward with evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment." *Brownlee,* 665 S.W.2d at 112. We address Holmes's affirmative defenses below, but here we conclude that the mere pleading of those defenses was insufficient to defeat Graham Mortgage's entitlement to summary judgment. We overrule Holmes's eleventh issue.

We conclude Graham Mortgage established it was entitled to judgment as a matter of law on its claim under the Guaranty. *See Nixon*, 690 S.W.2d at 548–49.

As to Holmes's defenses to Graham Mortgage's summary judgment, ordinarily, once a plaintiff has established its right to judgment as a matter of law on a particular claim, the defendant may offer evidence sufficient to raise an issue of fact on each element of an

affirmative defense to avoid summary judgment. *See Brownlee,* 665 S.W.2d at 112. But in this case, though, the Guaranty contained the waiver language quoted above:

> Until the Guaranteed Obligations are fully performed, Guarantor shall not be released . . . by reason of the illegality or unenforceability of all or any part of the indebtedness represented by the Note as against Borrower or Guarantor based on usury or other legal defenses, statutory or otherwise, and Guarantor hereby to the maximum extent permitted by applicable law expressly waives and surrenders any defense to liability hereunder based upon the foregoing acts, things, agreements or waivers, or any of them.

The paragraph on its face contemplates that—until the borrower's obligations under the Note were performed—the guarantor would not be released from his promise to guarantee payment because any part of the indebtedness was purportedly illegal or unenforceable based upon any legal defense, whether "statutory or otherwise." Thus, by signing the Guaranty containing this language, Holmes expressly waived any defense to his liability under the Guaranty based upon such purported illegality or unenforceability of the indebtedness.

Holmes pleaded a number of defensive theories, statutory and otherwise. He incorporated a number of those defenses into his four motions for summary judgment and his response to Graham Mortgage's motion for summary judgment. He even pleaded some as counterclaims. But regardless of the procedural context in which they were raised, the following theories—as they were pleaded and argued by Holmes—are affirmative defenses: judicial estoppel (*Cricket Commc'ns, Inc. v. Trillium Indus., Inc.*, 235 S.W.3d 298, 309 (Tex. App.— Dallas 2007, no pet.)); payment (*Garner v. Fid. Bank, N. A.*, 244 S.W.3d 855, 861 (Tex. App.— Dallas 2008, no pet.)); accord and satisfaction (*Richardson v. Allstate Texas Lloyd's*, 235 S.W.3d 863, 865 (Tex. App.—Dallas 2007, no pet.)); unjust enrichment (pleaded here as a payment defense, *see Garner*, 244 S.W.3d at 861); cancellation of debt (*Reliance Mortg. Co. v. Hill-Shields*, No. 05-99-01615-CV, 2001 WL 21510, at *3 (Tex. App.—Dallas Jan. 10, 2001, no pet.)); illegality (*Denson v. Dallas County Credit Union*, 262 S.W.3d 846, 852 (Tex. App.—

Dallas 2008, no pet.); equitable estoppel (*Daniel v. Falcon Interest Realty Corp.*, 190 S.W.3d 177, 188 (Tex. App.—Houston [1st Dist.] 2005, no pet.)); and promissory estoppel (*Mann v. NCNB Texas Nat. Bank*, 854 S.W.2d 664, 668 (Tex. App.—Dallas 1992, no writ)). Based upon the plain language of the Guaranty, Holmes waived all of these defenses. We overrule Holmes's issues arguing for application of such defenses, including those issues numbered 2, 4, 4a, 4b, 5, 6, 7, 8, and 9. We affirm the order's denial of Holmes's motions for summary judgment based upon various combinations of these defenses.

Holmes also pleaded for an offset against the deficiency in the amount the property's fair market value exceeded the amount paid for the property at foreclosure, under the Texas Property Code. *See* TEX. PROP. CODE ANN. § 51.003(b–c) (West 2007). The supreme court has concluded that such an offset is a defense that can be waived. *Moayedi v. Interstate 35/Chisam Rd., L.P.*, 438 S.W.3d 1, *6 (Tex. 2014). In his third issue, Holmes contends the language in the Guaranty is not sufficiently specific to come within this ruling of *Moayedi*. But the *Moayedi* court acknowledged the guaranty before it was a "general waiver of defenses." *Id.* at *1. The court also stated the use of words such as "any," "each," and "every" in Moayedi's guaranty resulted in "a broad waiver of all possible defenses." *Id.* at *8. Holmes's Guaranty likewise waives "any defense to liability" and specifically includes a waiver of statutory defenses. We conclude that Holmes—like Moayedi—waived his offset defense under section 51.003, and we overrule Holmes's third issue.

Given our resolution of Holmes's third issue, we address the ancillary argument he urged in the alternative. Holmes contends the parties agreed to the Guaranty's general waiver language believing that it did *not* apply to his section 51.003 offset defense. Thus, according to Holmes: the parties were mistaken as to the meaning of the waiver provision; they could not have agreed to the provision as we have interpreted it; and, therefore, the provision should be rescinded.

–11–

Holmes asserts three possible bases for his rescission argument: mutual mistake, unilateral mistake, and ambiguity. None will support rescission of the Guaranty's waiver provision.

"Pursuant to the doctrine of mutual mistake, when parties to an agreement have contracted under a misconception or ignorance *of a material fact*, the agreement will be avoided." *Williams v. Glash*, 789 S.W.2d 261, 264 (Tex. 1990) (emphasis added). However any misconception or ignorance in Holmes's case is not based in fact, but in law. Well-settled law forecloses equitable relief based upon a mistake of law, whether the purported mistake was mutual or unilateral. *See, e.g., Pollard v. Steffens*, 343 S.W.2d 234, 237 (Tex. 1961) (discussing mutual mistake); *Atkins v. Womble*, 300 S.W.2d 688, 703 (Tex. Civ. App.—Dallas 1957, writ ref'd n.r.e.) (discussing unilateral mistake). Holmes does not disagree. Instead, Holmes asks us to apply an exception to the mistake-of-law rule, relying upon this Court's opinion in *1st Coppell Bank v. Smith*, 742 S.W.2d 454 (Tex. App.—Dallas 1987, no writ) (*disapproved in part, Fortune Production Co. v. Conoco, Inc.*, 52 S.W.3d 671, 678 (Tex. 2000)). *Smith* involved a deed of trust that both the borrower and the bank believed was valid and could support a foreclosure. The parties learned subsequently that the deed of trust was a forgery. The court characterized this mistake as one involving the parties' own "antecedent, private, legal rights" in the deed of trust and treated it as a mistake of fact that would support equitable relief. *Id.* at 463–64. The court distinguished such a mistake involving private rights from one involving "general rules of law." The latter is a mistake as to the party's "belief as to the state of the law which caused him to execute the agreement," and *Smith* does not approve equitable relief in that circumstance. *Id.* at 462. Holmes's mistake did not involve the legal validity of his particular Guaranty waiver. Instead, it involved general law—applicable to all—concerning a waiver's application to a section 51.003 defense. Holmes's mistake involved the state of the law concerning that defense. Such a mistake cannot support rescission of the Guaranty's waiver provision. *See id.*

–12–

Finally, Holmes argues the Guaranty's waiver provision should be rescinded because its language is ambiguous. A contract is ambiguous when its meaning is uncertain or its language is reasonably susceptible to more than one meaning. *Coker v. Coker*, 650 S.W.2d 391, 393–94 (Tex. 1983). Whether a contract is ambiguous is a question of law. *Id.* at 394. In this case, Holmes does not identify any specific language in the waiver provision that is susceptible to more than one meaning. He merely reiterates his belief that the provision did not waive his section 51.003 defense; his argument is no different than his argument concerning a mistake of law, which we have rejected. We discern no ambiguity in the Guaranty's waiver provision.

We overrule Holmes's ancillary issues numbered 3a, 3b, and 3c.

We conclude Graham Mortgage has established it was entitled to judgment on the Guaranty deficiency as a matter of law. We reject Holmes's challenges to the summary judgment record, and we conclude Holmes has waived all defenses to Graham Mortgage's right to judgment. We conclude further that no mistake or ambiguity supports rescission in this case. Accordingly, we affirm the trial court's order granting Graham Mortgage's motion for summary judgment and denying Holmes's motions for summary judgment.

131047F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–13–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT H. HOLMES, SR., Appellant

No. 05-13-01047-CV      V.

GRAHAM MORTGAGE CORPORATION,
Appellee

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-05579-H.
Opinion delivered by Justice Francis,
Justice Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee GRAHAM MORTGAGE CORPORATION recover its
costs of this appeal from appellant ROBERT H. HOLMES, SR..

Judgment entered October 21, 2014