**AFFIRM; and Opinion Filed August 20, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-16-01509-CV

**GRANBURY HOSPITALITY, INC., SEVILLE PLAZA HOSPITALITY, INC., CANYON COUNTY HOSPITALITY, INC., MOVHA INVESTMENTS, INC., KIRIT BHAKTA, AJIT BHAKTA, ARUN PATEL, NITIN SHAH, AND NALIN PATEL, Appellants**

**V.**

**STATE BANK OF TEXAS, Appellee**

On Appeal from the 44th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-12-06398

## MEMORANDUM OPINION

Before Justices Bridges, Evans, and Whitehill
Opinion by Justice Whitehill

This is the second appeal in this case. Appellee State Bank of Texas foreclosed on a hotel in Louisiana and then sued appellants for a deficiency. After granting the Bank partial summary judgment on liability, the trial court held a bench trial and rendered a take-nothing judgment against the Bank. The Bank appealed, and we reversed and remanded. *See State Bank of Tex. v. Granbury Hosp., Inc.*, No. 05-14-01306-CV, 2015 WL 7352187 (Tex. App.—Dallas Nov. 20, 2015, pet. denied) (mem. op.). On remand, the Bank sought summary judgment, which the trial court granted.

This appeal presents two pivotal questions:  One, can appellants rely on certain findings and conclusions made after the bench trial as defenses despite their inconsistency with our prior opinion and mandate?  Two, was the Bank's evidence proving the debt amount deficient?  We answer both questions no and accordingly affirm.

## I.  BACKGROUND

### A.  Factual Background

State Bank alleged the following facts in its live pleading:

In September 2007, the Bank loaned $4.6 million to seven appellants, who executed a promissory note in the Bank's favor.  The borrowers granted the Bank a mortgage on certain real property in Louisiana.  The other two appellants guaranteed the debt up to $1 million.  (One borrower, Arun Patel, was also a guarantor.)

The borrowers defaulted.  In April 2012, the Bank foreclosed on the property in a Louisiana court-supervised sheriff's sale for the judicially established opening bid price of $2,666,667.67.  This left a balance due exceeding $3 million.

### B.  Procedural History

The Bank sued appellants in June 2012, and appellants answered.

The Bank filed two original and two amended summary judgment motions.  The trial court granted partial summary judgment "as to liability" on the note and guaranty but held that a fact issue remained as to the amount due and owing.[1]

The trial court held a bench trial and rendered a take-nothing judgment against the Bank.  The judge's findings and conclusions included a finding that the property's value at the time of foreclosure exceeded the amount owing on the debt.

---

[1] The motion and order do not appear in the clerk's record in the current appeal, but they do appear in the clerk's record from the previous appeal.  That record is readily available to us through the Texas Appellate Management E-file System.  Accordingly, we take judicial notice of that clerk's record.  *See* TEX. R. EVID. 201; *State ex rel. City of Colleyville v. City of Hurst*, 519 S.W.2d 698, 701 (Tex. Civ. App.—Fort Worth 1975, writ ref'd n.r.e.) ("[T]he [appellate] court may notice judicially the record and judgment in a connected or related case.").

The Bank appealed, and we reversed based on two holdings:

1. Contrary to the trial court's conclusions, appellants could not offset the property's fair market value against the debt under the Texas Property Code, *id*. at *2–4, and

2. certain findings, including a finding that no amount was due and owing, were against the great weight and preponderance of the evidence, *id*. at *5.

We remanded "for a determination of the amount of debt owed by [appellants] to the Bank as well as a determination of attorney's fees." *Id*. Our mandate specified that the case was remanded "for further proceedings consistent with th[e] opinion."

After remand, the Bank filed a third summary judgment motion, to which appellants responded.

The trial court granted the Bank's motion. The judgment held the seven borrower appellants liable for $2,967,988.12, plus interest and attorneys' fees. The judgment held the two guarantor appellants liable for $1 million, plus interest and attorneys' fees.

Appellants timely appealed.

## II. STANDARD OF REVIEW

We review a summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

When we review a summary judgment in favor of a claimant, we determine whether the claimant established every element of its claim as a matter of law. *Anderton v. Cawley*, 378 S.W.3d 38, 46 (Tex. App.—Dallas 2012, no pet.). We consider the evidence in the light most favorable to the nonmovant, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts against the movant. *Id*.

### III. ANALYSIS

**A.    Issue One:    Did the trial court err in granting summary judgment because it previously ruled that the Bank took the collateral in full satisfaction of the debt?**

In appellants' first issue, they argue that the trial court could not properly award the Bank any damages because of two conclusions of law that we did not expressly address in our previous opinion in this case.  Specifically, appellants rely on conclusions 106 and 107:

> 106.    Defendants satisfied the balance due and owing to Plaintiff through the Bank's receipt of its collateral.

> 107.    The receipt by the Plaintiff of its collateral constitutes a full and complete satisfaction.

Appellants argue that we did not reverse these conclusions, so they are "still standing" and defeat the Bank's claims.

The Bank responds that (i) appellants' argument exceeds the scope of this Court's mandate from the first appeal and (ii) the Full Faith and Credit Clause bars appellants' complaints about the Louisiana foreclosure.

We conclude that conclusions 106 and 107 conflict with our prior opinion and mandate and therefore cannot be given any effect.  Although we did not specifically address those conclusions, we held that conclusions 90 and 93 were against the great weight and preponderance of the evidence.  2015 WL 7352187, at *5.  Those conclusions recited as follows:

> 90.    There is no amount due and owing to the Bank.

> . . . .

> 93.    Plaintiff has failed to establish the amount due and owing under the Note and Guaranty by a preponderance of the evidence presented.

Conclusions 106 and 107 state that the debt has been fully satisfied, which would mean there is no amount due and owing to the Bank.  But, we would not have remanded for the trial court to determine the balance due had we not also set aside conclusions 106 and 107.  Thus, conclusions 106 and 107 irreconcilably conflict with (i) our holding that the great weight and

–4–

preponderance of the evidence established that some amount was still due and owing and (ii) our remand for a debt amount determination.

On remand, a trial court cannot take action inconsistent with an appellate court's judgment and mandate. *Phillips v. Bramlett*, 407 S.W.3d 229, 234 (Tex. 2013). Thus, the trial court could not give any effect to its prior conclusions 106 and 107, and they could not defeat summary judgment.

Accordingly, we overrule appellants' first issue.

**B.**     **Issue Two:  Did the trial court err in granting summary judgment because it did not give appellants all the credits they were entitled to?**

Appellants' second issue argues that the trial court erred by not giving them three specific credits:

- credit for the property's fair market value of $5,020,000 as a "common law offset" triggered by the failure to give appellants notice of the foreclosure sale and a grossly inadequate foreclosure price,

- credit for rents collected after foreclosure, and

- credit for the value of a BP oil spill claim that the Bank acquired in the foreclosure.

The Bank responds, among other things, that (i) the trial court gave appellants all proper credits, (ii) our mandate bars any fair market value credit, and (iii) the other two credits are inadequately briefed.

Appellants' first argument relies solely on fact findings from the bench trial to support a fair market value of $5,020,000.[2]  We reject appellant's first argument because our prior opinion held that these findings were clearly erroneous:

---

[2] There is not a single, discrete fact finding to this effect.  Based on their record reference, we conclude that appellants rely on findings 75–78:

75.  Pursuant to the [sic] Mr. Milkes' expert testimony, the value of the property as of April 5, 2012, was $5,020,000.00.

76.  The Milkes valuation is credible evidence of the value of the property in April of 2012.

–5–

The trial court found that at the time of the foreclosure sale, appellees owed the Bank $4,527,946 and the fair market value of the property was $5,020,000.[3] Although labeled conclusion[s] of law, the trial court also found the Bank failed to establish an amount due and owing under the note and that no amount was due and owing the Bank. **We conclude the evidence does not support these findings**. Although the evidence showed the principal balance of the note was $4,527,946.05, appellees additionally owed, under the plain language of the note and guaranty, accrued unpaid interest, post default interest, late fees, "all costs of collection, including but not limited to, court costs and reasonable attorney's fees," and "any and all losses, damages, costs, . . . and expenses suffered by Lender by reason of the Borrower's default." **And the trial court based its findings of fact and conclusions of law on the erroneous conclusion that appellees were entitled to a determination of the fair market value of the property and an offset of the same amount. Because we have concluded they were not entitled to this determination, these findings and conclusions are clearly erroneous**.

2015 WL 7352187, at *5 (emphases added). We read this passage to hold that all findings and conclusions supporting a $5,020,000 fair market value were erroneous. On remand, the trial court could not have given any effect to any fair market value fact findings in the face of our mandate commanding further proceedings consistent with our opinion.[4] *See Phillips*, 407 S.W.3d at 234. Because appellants cite no other summary judgment evidence of the property's fair market value, we reject their first argument.

As to appellants' arguments that they were entitled to credits for post-foreclosure rents and the value of a BP oil spill claim, we agree with the Bank that the arguments are inadequately briefed. Appellants cite no legal authorities to support these arguments, so they present nothing

---

77. Valbridge Property Advisors, through its representative Mr. Schwertz, also appraised the property as of April 5, 2012, at $5,020,000.00.

78. The Valbridge Valuation is credible evidence of the value of the property in April 2012.

[3] As noted in the previous footnote, there is no single finding to this effect. In addition to the findings quoted in the previous footnote, conclusion 96 says, "Defendants have shown by a preponderance of the evidence that the value of the Property at the time of the foreclosure sale was at least five million dollars ($5,000,000)."

[4] At oral argument, appellants argued that our previous opinion and mandate could not have deprived appellants of unaddressed defenses to the Bank's claims, particularly defenses as to which they obtained favorable fact findings from the trial court. But to the extent those defenses conflict with our mandate, the trial court could not consider them. If the fact findings established defenses to the Bank's claim separate and independent from the matters our opinion addressed, it was incumbent on appellants to ensure that the panel was aware of and ruled on those defenses. *See Victoria Gardens of Frisco v. Walrath*, 257 S.W.3d 284, 290 (Tex. App.—Dallas 2008, pet. denied) (appellate court will affirm judgment if correct on any legal theory before the trial court). Once the mandate issued, the trial court had no authority take any action inconsistent with or beyond the scope of that mandate—even if that meant that it could not adjudicate defenses that went unmentioned in our opinion. *Cf. Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986) ("When this court remands a case and limits a subsequent trial to a particular issue, the trial court is restricted to a determination of that particular issue.").

for review.  *See* TEX. R. APP. P. 38.1(i); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.) ("If we are not provided with existing legal authority that can be applied to the facts of the case, the brief fails.").

Moreover, we are not aware of any precedent that would on these facts entitle the borrowers to receive credit for post-foreclosure credits of these types.  As to rents, those accrued to the property's then-current owner.  Concerning oil spill credits, those prospects were or should have been factored into the property's price at foreclosure.

We overrule appellants' second issue.

**C.    Issue Three:  Did the trial court err in granting summary judgment because the Bank did not conclusively prove the debt amount?**

Appellants next argue that the Bank's evidence proving the debt amount was flawed.  Specifically, they contend:

- The Bank "didn't put on competent evidence of the amount of the debt," and its summary judgment evidence was conclusory;

- the Bank's calculation included post-foreclosure expenses that were not properly includable in the debt amount; and

- there was a mathematical error in the calculation that inflated the debt amount by over $600,000.

**1.    Did the Bank adduce competent evidence of the debt amount?**

Appellants first argue that the Bank did not adduce any competent evidence of the debt amount.  They discuss specifically (i) trial testimony by Bank vice president Rajan Patel and (ii) Rajan Patel's summary judgment affidavit.  They argue that the evidence was inconsistent, vague, and conclusory.

The Bank responds that (i) appellants' conclusoriness argument is inadequately briefed and (ii) Rajan Patel's trial testimony adequately supports the judgment.  We note that the Bank's summary judgment evidence included not only Rajan Patel's affidavit but also numerous documents concerning the loan, including the note, the guaranty, the mortgage, the loan extension

–7–

and modification agreements, and Louisiana documents including one showing the foreclosure sale amount and the sheriff's sale expenses.

We can dispense with Rajan Patel's affidavit because it contains no testimony purporting to establish the debt amount after foreclosure. It states only that the original principal sum was $4.6 million and the foreclosure sale price was $2,666,667.67. It is no evidence that the post-foreclosure debt amount was $2,967,988.12 as awarded by the trial court.

The question thus is whether Rajan Patel's oral testimony at the bench trial, together with the other summary judgment evidence, established the $2,967,988.12 debt amount.[5]

The Bank argues that Rajan Patel's trial testimony was sufficient to establish the debt amount. He testified as follows:

Q. Was the principal amount as of April 4, 2012 [the foreclosure date], $5,007,406.99?

A. Yes.

Q. And that included the 466,000 that the bank paid for the property taxes?

A. That's correct.

Q. Okay. So when you add these numbers up and subtract the 2,666,667.67, you come up with the total principal due on April 5; is that right?

A. Yes.

Q. And what is that number for the benefit of the Court?

A. The principal due after foreclosure credit?

Q. Yes.

A. 2,869,509.28—$2,869,509.28.

---

[5] At oral argument, appellants raised a threshold issue about Patel's trial testimony, arguing that we cannot consider it because the reporter's record from the trial was not filed as summary judgment evidence. But appellants did not make this argument in their briefs—in fact, they cited the reporter's record in both their opening brief and their reply brief as though it were properly before the trial court. We don't consider arguments made for the first time at oral argument. *See Robertson v. Odom*, 296 S.W.3d 151, 159 n.13 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *see also* TEX. R. APP. P. 39.2 ("Oral argument should emphasize and clarify the written arguments in the briefs."). Moreover, although the Bank did not attach any of the reporter's record to its third summary judgment motion, the motion cited specific pages of the reporter's record to prove up the Bank's damages. So the motion put appellants on notice that the Bank was relying in part on the reporter's record. Accordingly, we consider the bench trial reporter's record as part of the summary judgment evidence.

Q. All right. Did the bank also pay after the foreclosure some additional ad valorem taxes for the year 2012?

A. Yes.

Q. And what amount was that?

A. $94,724.71.

Q. All right. And did the bank pay any business personal property taxes?

A. Yes.

Q. What amount was that?

A. $3,754.12.

The judgment awarded the Bank $2,967,988.12, which is one cent more than the sum of the three figures Rajan Patel testified to. (We don't consider that one-penny difference to be material.)

Appellants argue that Patel gave other testimony that was vague or inconsistent with the testimony quoted above. But appellants' summary judgment response in the trial court did not refer to any of Patel's trial testimony. Thus, appellants cannot rely on this evidence on appeal to raise a fact issue. *See White v. Calvache*, No. 05-17-00127-CV, 2018 WL 525684, at *4 (Tex. App.—Dallas Jan. 24, 2018, no pet.) (mem. op.) ("[W]e will consider only that evidence for which [the appellant] provided the trial court a specific reference as to where the evidence was located in the record."); *Nguyen v. Allstate Ins. Co.*, 404 S.W.3d 770, 776 (Tex. App.—Dallas 2013, pet. denied) ("[A] party submitting summary judgment evidence must specifically identify the supporting proof on file that it seeks to have considered by the trial court.") (internal quotations and citation omitted).

Finally, appellants contend that Patel's testimony was too conclusory to prove the amount of debt still owing. A conclusory statement is one that does not provide the underlying facts supporting the conclusion. *Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet.

denied). Conclusory testimony is substantively defective and can be challenged on appeal without error preservation in the trial court. *See id.*

We reject appellants' conclusoriness argument, based on precedents such as *Holmes v. Graham Mortg. Corp.*, 449 S.W.3d 257 (Tex. App.—Dallas 2014, pet. denied). In that case, Graham sued Holmes on a guaranty and prevailed on summary judgment. *Id.* at 259. On appeal, Holmes argued that Graham's evidence proving the debt amount—the affidavit of Graham's vice president—was conclusory. *Id.* at 262–63. But the affidavit stated that (i) the borrower defaulted, (ii) Holmes failed to pay the debt after demand was made, and (iii) the total amount due and owing was $912,077.09. *Id.* We held that these facts were sufficient to make the affidavit not conclusory. *See id.* at 263 ("An affidavit, made on personal knowledge of a bank officer, which identifies the notes and guaranty, and recites the principal and interest due, is not conclusory."); *accord Thompson v. Chrysler First Bus. Credit Corp.*, 840 S.W.2d 25, 28–29 (Tex. App.—Dallas 1992, no writ); *Am. 10-Minute Oil Change, Inc. v. Metro. Nat'l Bank–Farmers Branch*, 783 S.W.2d 598, 601 (Tex. App.—Dallas 1989, no writ).

The evidence here is comparable to that in *Holmes*. Bank vice president Rajan Patel's trial testimony furnished the amount due. The summary judgment evidence also included the note, which showed the total indebtedness, the monthly payments, and the interest rate. We hold that the Bank's debt amount evidence was not conclusory.

2. **Did the trial court's award include amounts that should not have been included?**

Next appellants argue that the trial court erroneously included in its award (i) post-foreclosure expenses for items like door locks and televisions and (ii) franchise fees the Bank paid after foreclosure. But to show that the Bank sought and recovered these expenses, appellants rely solely on evidence—specifically, pages from the bench trial reporter's record—that they did not cite in their summary judgment response. Appellants cannot rely on this evidence on appeal to

raise a genuine fact issue. *See White*, 2018 WL 525684, at *4; *Nguyen*, 404 S.W.3d at 776. Accordingly, appellants have not shown that the trial court awarded these expenses, and we reject appellants' argument.

### 3.     Is the judgment amount erroneous because the Bank's math was wrong?

Finally, appellants argue that the judgment is wrong because there is a mathematical error on the face of Rajan Patel's trial testimony. Specifically, appellants argue that Patel testified that $2,869,509.28 was the amount owing after subtracting the foreclosure price ($2,666,667.67) from the principal amount ($5,007,406.99). But appellants ignore other parts of Patel's testimony where he testified that the *principal* amount due was $5,007,406.99, not that the *total* amount due was $5,007,406.99. He further testified that other amounts beyond the $5,007,406.99 were also due as part of the debt, including sheriff sale expenses (shown to be $84,375.37 in other summary judgment evidence) and "unpaid prematurity interest." Then the Bank's lawyer asked him, "***So when you add these numbers up*** and subtract the 2,666,667.67, you come up with the ***total*** principal due on April 5; is that right?"[6] (Emphases added.) Patel answered, "Yes. . . . $2,869,509.28." Thus, the total debt, from which the foreclosure price was deducted, was more than $5,007,406.99. Accordingly, appellants have not shown a mathematical error.

We overrule appellants' third issue.

### D.     Issue Four:  Did the trial court err by awarding the Bank its attorneys' fees?

Appellants' fourth issue argues that the trial court erred by awarding the Bank its attorneys' fees because (i) the Bank adduced no evidence of presentment as required by Civil Practice and Remedies Code § 38.002, (ii) there was no amount properly due and owing, and (iii) the Bank "did not put on evidence of prior trial fees and costs." The second argument fails based on our

---

[6] Patel was testifying from a demonstrative exhibit that was not admitted into evidence apart from the underlying documents and Patel's testimony.

resolutions of issues one through three. The third argument presents nothing for review because it consists of two sentences unsupported by legal authorities or record references. *See Bolling*, 315 S.W.3d at 896.

As to presentment, the Bank responds that appellants' briefing is inadequate and that the record contains presentment evidence in the form of pre-suit demand letters.

We reject appellant's lack of presentment argument for two reasons.

First, the Bank's evidence included a May 2012 demand letter addressed to all the appellants. Appellants do not address this evidence in their brief or explain why it is insufficient evidence of presentment. No particular form of presentment is required. *Canine, Inc. v. Golla*, 380 S.W.3d 189, 193 (Tex. App.—Dallas 2012, pet. denied); *see also* TEX. CIV. PRAC. & REM. CODE § 38.002. We conclude that appellants have not shown that the Bank failed to adequately prove presentment as is required for a fee recovery under Chapter 38.

Second, the trial court could have awarded the Bank its fees under the promissory note, which contains no presentment requirement. *See Victoria Gardens of Frisco*, 257 S.W.3d at 290 (appellate court will affirm judgment if correct on any legal theory before the trial court).

The Bank requested its attorneys' fees in both its petition and its summary judgment motion. It did not specify the legal basis for this request in either instrument, although the motion did point out that the note provided for fee recovery. Because the Bank did not specify a legal basis for fee recovery, it may recover its fees on any available legal basis. *See Smith v. Deneve*, 285 S.W.3d 904, 916–17 (Tex. App.—Dallas 2009, no pet.).

A party may recover its attorneys' fees from an opposing party if recovery is permitted by statute or by the parties' agreement. *Qaddura v. Indo-European Foods, Inc.*, 141 S.W.3d 882, 892 (Tex. App.—Dallas 2004, pet. denied). Here, the note provides, "Maker agrees to pay all costs of collection, including, but not limited to, court costs and reasonable attorney's fees." It also recites

that the maker waives demand and presentment for payment. Thus, the Bank was entitled to recover its attorneys' fees based on the note, independent of Chapter 38.

Presentment is not required to support a fee award if a contract provides for fee shifting and contains a waiver of demand and presentment. *Gharbi v. Hemmasi*, No. 03-07-00036-CV, 2015 WL 4746682, at *6 (Tex. App.—Austin Aug. 6, 2017, no pet.) (mem. op.); *Escalante v. Luckie*, 77 S.W.3d 410, 423 (Tex. App.—Eastland 2002, pet. denied); *cf. Qaddura*, 141 S.W.3d at 892–93. Thus, the Bank was not required to prove presentment, and appellants' argument that the Bank failed to prove presentment is without merit.

We overrule appellants' fourth issue.

### IV. CONCLUSION

For foregoing reasons, we affirm the trial court's judgment.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

161509F.P05

–13–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GRANBURY HOSPITALITY, INC.,
SEVILLE PLAZA HOSPITALITY, INC.,
CANYON COUNTY HOSPITALITY,
INC., MOVHA INVESTMENTS, INC.,
KIRIT BHAKTA, AJIT BHAKTA, ARUN
PATEL, NITIN SHAH, AND NALIN
PATEL, Appellants

No. 05-16-01509-CV     V.

STATE BANK OF TEXAS, Appellee

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-06398.
Opinion delivered by Justice Whitehill.
Justices Bridges and Evans participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

     It is **ORDERED** that appellee State Bank of Texas recover its costs of this appeal from
appellants Granbury Hospitality, Inc., Seville Plaza Hospitality, Inc., Canyon County
Hospitality, Inc., Movha Investments, Inc., Kirit Bhakta, Ajit Bhakta, Arun Patel, Nitin Shah,
and Nalin Patel.


Judgment entered this 20th day of August, 2018.