

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00836-CV

Allan W. **MAJESKI**,
Appellant

v.

**FROST BANK**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI00427
Honorable Karen H. Pozza, Judge Presiding

Opinion by:  Beth Watkins, Justice

Sitting:  Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: December 27, 2019

AFFIRMED

Appellee Frost Bank sued appellant Allan W. Majeski for breach of contract, alleging he created an overdraft balance in his checking account that he failed to repay. The trial court granted summary judgment in Frost's favor, and Majeski appealed. We affirm the trial court's judgment.

### BACKGROUND

Majeski opened a checking account at Frost on September 8, 2016. On October 14, 2016, he signed a revised deposit account agreement under which he agreed:

- to be "jointly and severally liable to [Frost] for debit balances in the Account, including without limitation overdrafts and Account charges, and jointly and

severally promise[d] to pay, upon demand, any and all debit balances, all fees and charges, and [Frost's] reasonable attorneys' fees and costs. . ."; and

- "immediately upon notice from [Frost], to deposit funds sufficient to cover any overdraft plus service charges."

At the beginning of the January 2017 statement period, Majeski's checking account contained a positive balance. That statement reflects several charges that caused his account to have a negative balance. Majeski communicated to Frost Bank that he neither made nor authorized those charges, and Frost issued a provisional credit in the amount of those charges.

In February of 2017, Frost reversed that provisional credit, leaving the account with a balance of $-3,310.65. Frost assessed the March service charge/fee of $5.00 before charging off the amount of $3,315.65. In January of 2018, Frost sued Majeski for that amount.

After Majeski answered, Frost moved for summary judgment. Majeski filed a response supported by his own affidavit. In that affidavit, Majeski averred that the unauthorized charges actually occurred—and that Frost initially issued a provisional credit for the amount of those charges—in October of 2016. According to Majeski, although Frost reversed the provisional credit in December of 2016, it returned that amount to his account after he presented additional information showing that he neither made nor authorized the charges. After a hearing, the trial court granted summary judgment in Frost's favor, and Majeski appealed.

## Summary Judgment Analysis

In his first two issues on appeal, Majeski contends the trial court erred in not only concluding that Frost was entitled to judgment as a matter of law, but also in failing to find that Majeski's evidence raised a fact issue. We consider these arguments together.

### *Standard of Review*

We review summary judgment orders de novo. *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019). A plaintiff that moves for summary judgment on its own cause of

action must establish each element of its claim as a matter of law. *See Holmes v. Graham Mortg. Corp.*, 449 S.W.3d 257, 264 (Tex. App.—Dallas 2014, pet. denied). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference in the nonmovant's favor. *Helix Energy Sols. Grp., Inc. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017).

### Applicable Law

The elements of a breach of contract claim here are: (1) the existence of a valid contract between Majeski and Frost; (2) Frost performed or tendered performance; (3) Majeski breached the contract; and (4) Frost was damaged as a result. *See Southwell v. Univ. of the Incarnate Word*, 974 S.W.2d 351, 354–55 (Tex. App.—San Antonio 1998, pet. denied).

### Application

Frost included the revised deposit agreement Majeski signed to prove the existence of a valid contract. Under the terms of that agreement, Frost had the option to pay charges that would overdraft the account. If Frost paid an overdraft, Majeski was obligated to immediately "deposit funds sufficient to cover any overdraft . . . ." *See id*. at 354. Frost presented the January, February, and March 2017 bank statements to establish that it performed under the contract when it paid the charges that caused the account to be overdrawn. *See id*. at 354–55. These statements also show that Majeski did not deposit funds sufficient to cover those overdrafts. Frost also included the affidavit of its custodian of records to establish that it had demanded payment of $3,315.65 from Majeski, but he had not paid. This evidence established Majeski's breach. *See id*. at 355. As evidence that it suffered damages, Frost submitted the March 20, 2017 statement, showing that Majeski's account had a balance of $-3,315.65, and that Frost charged off the account in that amount. *See id*. This evidence established each element of Frost's breach of contract claim as a matter of law.

The summary judgment burden therefore shifted to Majeski to present evidence to raise a genuine issue of material fact on at least one of these elements. TEX. R. CIV. P. 166a(c); *see also Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). In response, Majeski argued that Frost was not entitled to judgment as a matter of law because it had not supplied a complete history of his account. He contended: (1) he opened his account on September 8, 2016, not on October 14, 2016 as Frost alleged; and (2) the original overdrafts—followed by the first provisional credits and subsequent reversals—occurred in October 2016, not December of 2016. Even taking these statements as true, they are not genuine issues of material fact because they would not cause a reasonable jury to return a verdict in Majeski's favor. *See, e.g., Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied) (recognizing no genuine issue of material fact is present "[i]f the evidence simply shows that some metaphysical doubt as to the fact exists").

Majeski also argued Frost was not entitled to judgment as a matter of law because Frost agreed to "provide overdraft protection with the account." The deposit account agreement Majeski signed confirmed this term, but also demonstrated that Majeski's interpretation of this term—that "transactions could not be approved unless sufficient funds were in the account to cover the withdraw[al] or purchase transaction"—is contrary to the agreement he signed. Instead, that agreement explicitly provided that Frost had the option to pay a charge, even if Majeski did not have enough money in the account to cover that charge, and that he would be liable to Frost for the amount of that charge. Because Majeski's affidavit is inadequate to controvert this agreed term, he did not meet his burden to demonstrate that Frost was not entitled to judgment as a matter of law. *See, e.g., BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 497 (Tex. App.—San Antonio 2013, pet. denied) (recognizing unambiguous contract terms must be construed as a matter of law). We therefore overrule Majeski's first and second issues.

**Trial Court's Consideration of Majeski's Response**

We interpret Majeski's third argument on appeal to contend that the trial court failed to review his response before signing the summary judgment order. At the beginning of the summary judgment hearing, the court inquired whether Majeski filed a response. The court was informed that Majeski had filed a timely response, but that he did not file his summary judgment evidence until less than seven days before the hearing. Majeski asked the court to consider his affidavit, and the court explicitly agreed. Furthermore, the summary judgment order recites that the court considered Majeski's response. Because the record demonstrates that the trial court actually considered Majeski's summary judgment response and affidavit, we overrule his final argument on appeal.[1] *Cf. Perkins v. City of San Antonio*, No. 04-10-00052-CV, 2010 WL 4340785, at *2 (Tex. App.—San Antonio Nov. 3, 2010, no pet.) (mem. op.) ("A party asserting error on appeal bears the burden of showing that the record supports the contention raised. . . .") (internal quotation marks omitted).

## CONCLUSION

We affirm the judgment of the trial court.

Beth Watkins, Justice

---

[1] If, instead, Majeski's argument on appeal is that the trial court did not take the matter under advisement and simply orally rendered judgment at the conclusion of the hearing, we conclude he alleges no reversible error. *See, e.g.,* TEX. R. APP. P. 44.1(a) (requiring reversible error to "(1) probably cause[] the rendition of an improper judgment; or (2) probably prevent[] the appellant from presenting the case to the court of appeals").